## J. C. SMITH v. THE STATE.

No. 19248. Delivered December 15, 1937.

The opinion states the case.

*J. B. Dibrell, Jr.,* and *Baker & Baker,* all of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The conviction is for burglary of a private residence at nighttime, with a punishment of five years in the penitentiary.

There is only one bill of exceptions in the record, and that relates to the district attorney propounding to the witness Jesse Martin the following question: "State whether or not you have been indicted and convicted and are now serving a term in the penitentiary for this same case," to which question the defendant's attorney immediately objected, and moved that the same be stricken out because "improper and prejudicial to the defendant," whereupon the court sustained the objection and instructed the jury not to consider the question, nor implications from the same, and the appellant's attorneys further excepted to said question and said proceeding on the ground that same was highly improper and prejudicial to the rights of the appellant, and the court could not withdraw the evil effects from the jury, notwithstanding the court's instruction to the jury not to consider the same.

That such a question was a highly improper one can not be doubted, although it was not allowed to be answered; nevertheless appellant's attorney's objection thereto was bound to have created in the minds of the jury the impression that at another and different trial the witness had been convicted for the identical offense for which the appellant was being tried, and the punishment prescribed in such other conviction was now being suffered by the witness. This matter could not have been alluded to by the State's attorney for any other purpose. The witness was his witness, and he surely was not attempting to impeach his own witness; he had no right to do so, and the effect of such question, unanswered though it was, could only be to let the jury know that another jury, or another court, had seen fit to convict this witness on a similar state of facts.

This court has said in Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W. Rep., 1029, that the asking of an improper question can ordinarily be cured by the court's instruction to disregard such, provided such question is asked in good faith, unless the question is of such a nature as to be extremely hurtful, citing Overstreet v. State, 68 Texas Crim. Rep., 238, 150 S. W. Rep., 899. However we can scarcely conceive of a more hurtful question than to ask if the witness, who was engaged in the commission of the same offense for which the appellant was charged, had not already been convicted for such offense and was serving a term in the penitentiary therefor. The ap-

pellant's attorneys were forced to object thereto, and such objection could only lead the jury to conclude that such facts were true, and the necessary implications had to follow. We think the court's prompt instruction could not possibly eliminate these conclusions and implications from the jury's mind.

We can not agree with appellant's contention, made in his brief, that the testimony herein is insufficient upon which to predicate a conviction. It is true that the witness Martin was an accomplice, although the court did not so charge, and was not requested to charge such, and no duty devolves upon us to reverse on account of such failure. See Rivas v. State, 265 S. W. Rep., 583; however, in our opinion there was other testimony outside of Martin's corroborating his testimony and tending to connect the appellant with the commission of the offense charged.

In accordance with what we have herein said, this cause is reversed and remanded.

*Reversed and remanded.*