**STATE of Missouri, Plaintiff-Respondent,**

v.

**William Birch HUNT, Defendant-Appellant.**

No. 23423.

Kansas City Court of Appeals.

Missouri.

Dec. 4, 1961.

See, also, 335 S.W.2d 506.

**58**

Warren D. Welliver, Columbia, for appellant.

Scott O. Wright, Brown, Wright & Willbrand, Columbia, for respondent.

SPERRY, Commissioner.

This is the second appeal in this cause. State v. Hunt, Mo.App., 335 S.W.2d 506.

Defendant is charged with the commission of a misdemeanor, in that he operated his automobile along and over a highway at an excessive speed. Trial to a jury resulted in conviction and the assessment of a fine of $75.00.

The alleged offense took place at about 8:30 p. m., January 19, 1958, on highway 40, at a point one half mile west of the city limits of Columbia, Missouri. Defendant lives some four miles west of Columbia and had returned to his home a few minutes prior to this event. He has a drug store in Columbia and, learning that a salesman was there to see him on business, he started to drive there. As he was driving out of his driveway Mr. Davis, another salesman, drove in to see him. He told Davis to meet him at his store, and proceeded to the highway, thence east toward Columbia. Mr. Davis testified that he followed defendant, at a distance of one half block, keeping his automobile in his headlights.

The highway, some distance west of Gruber's filling station, runs down grade to a level strip where the station is located, then up grade some 1200 feet or more to a level "shelf". The highway, at that time, did not have four lanes.

State highway patrol officers had stationed an automobile at Gruber's station, equipped with radar, by which means it was sought to ascertain the speed of passing vehicles. Trooper Burgess was in charge of the radar car. On the "shelf", headed west, on the north shoulder, Trooper Grazier posted his patrol car, equipped with red lights. In that car was also an off-

duty Columbia policeman, Mr. Smith, who, at the time of the trial, was a patrolman.

Mr. Davis and defendant testified to the effect that, as they travelled eastward, down the incline toward Gruber's, an automobile, which they could not describe, passed them going east. Defendant stated that he was proceeding at a speed of 60–65 miles per hour at all times. Davis said that he was driving at about that speed and stayed behind plaintiff a uniform distance until defendant's car was stopped by Trooper Grazier.

Burgess qualified as an experienced and trained radar man. He testified to the effect that a brown station wagon passed his station at about 8:30 p. m., headed east, at a speed of 76 miles per hour as was indicated by the radar device; that he radioed to Grazier those facts, including the fact that the vehicle carried a license plate, the first three numbers of which were "211–". (Which corresponded to defendant's plate.) To this testimony there was no objection.

Smith testified that the message came at a time when he was inside the patrol car and Grazier was out on the shoulder checking a Cadillac car that had just been stopped and which was parked on the south shoulder of the highway; that he shouted the message to Grazier, who signaled defendant to stop. Grazier stated that, as defendant's car approached, he watched it; that its speed was more than 70 miles per hour; that defendant parked on the south shoulder, in front of the Cadillac; and that he gave defendant a summons.

■ Defendant's first contention is that the court erred in not quashing the information and in holding that there was sufficient competent evidence to sustain the verdict. No reason is advanced for quashing the information and that point will not be here discussed. However, it is urged that an officer, in Missouri, has no legal right to arrest without a warrant for the commission of a misdemeanor, on the request or upon information of another, or merely because

he believes that a misdemeanor was committed. 6 C.J.S. Arrest § 6; State v. Peters (Mo.Sup.), 242 S.W. 894, 896.

While defendant does not seriously challenge the propriety of the proper use of radar in evidence in this kind of case (24 Mo.Law Rev. 196, 210; 49 A.L.R. 476), he does not concede that it was admissible here. It is not necessary to decide that question here, because Trooper Grazier stated that he saw defendant operating his automobile at a speed in excess of 70 miles per hour, which was a misdemeanor. The jury was the judge of the weight and credibility to be given to Grazier's testimony. The fact that his attention had been directed to defendant's automobile by Burgess is of no consequence since the offense continued in his presence. State v. Peters, supra.

■ It is next urged that the court erred in admitting evidence of defendant's prior conviction of an offense occurring subsequently to the one for which he was then being tried. The point is without merit. Section 491.050 RSMo 1949, V.A.M.S.; State v. Cox (Mo.Sup.), 333 S.W.2d 25, 29.

■ Defendant further urges error in that the court refused to grant a mistrial based on the following: defendant had previously admitted that, at the time he was arrested on this latter occasion, there was a young woman-employee of his in the car, going to attend an examination to be conducted by the pharmacy board of which defendant was a member. He was asked by his counsel if he pleaded guilty and defendant answered in the affirmative. Then, his counsel asked, why? Defendant answered. "Because I was guilty".

Thereupon, the prosecutor asked if the fact that this young lady was in the car with him at the time had anything to do with his pleading guilty.

Defendant moved for a mistrial, which was refused. He now urges the point as error. In State v. Beishir (Mo.Sup.), 332 S.W.2d 898, 901, it is said that Section 546.-

260, RSMo 1949, V.A.M.S., subjects every defendant who elects to take the witness stand in his own behalf to cross-examination " 'as to any matter referred to in his examination in chief' * * *." Defendant referred, in chief, to why he plead guilty. We cannot say that error was committed in respect to this matter.

■ This case was not prosecuted by the regularly qualified and acting prosecuting attorney, or by any assistant of his, but by a special prosecutor. Defendant complains that such procedure was illegal and he orally moved, before commencement of this trial, that "no further proceedings be held to be handled by the special prosecutor". The reasons given in support of the motion were that the prosecutor and assistant were qualified and that, under the provisions of Section 550.010, V.A.M.S.1949, defendant, if convicted, was required to pay the fees of the special prosecutor which would work an unwarranted hardship on defendant. Error is urged because the court overruled the motion.

Section 56.110, V.A.M.S.1949, authorizes the appointment by the Court, under specified conditions, of "some other attorney to prosecute or defend the cause". Defendant cites the two above-mentioned sections of the statute as authority in support of the motion. A special prosecutor had apparently been duly appointed, in compliance with Section 56.110, supra. The validity of the court's action in that regard is not here challenged. The point is ruled against defendant.

■ In his opening statement the special prosecutor stated that two others were arrested for speeding on the night defendant was arrested, and that they pleaded guilty. Defendant objected to the statement and asked that the jury be instructed to disregard the statement. The court sustained the objection and so instructed the jury. De-

fendant then moved for a mistrial, which motion was overruled. Defendant cites 48 A.L.R.2d Series, 1004, in support of his contention of prejudicial error. There it is said that such a statement by the prosecutor may be held to be prejudicial error where, upon objection, the court fails to sustain the objection and properly instruct the jury on the matter. However, in the case at bar, the court did all that could be done to remove the prejudice, short of granting a mistrial. The prosecutor's statement was improper but, in view of the court's action taken at the time, we cannot say that defendant's cause was prejudiced on the merits. We cannot say that the court abused its discretion in the matter.

■ Defendant assigns error in not directing a verdict for him. Under all of the evidence, a submissible case was made and this point is ruled adversely to defendant.

■ He complains of the refusal of the Court to give his offered instructions: D–B, which was on the burden of proof, and D–C, which was on the presumption of innocence. Both were abstract declarations of the law. The Court gave instruction S–2, which properly declared the law on both of those issues. There was no error in refusing to give further instruction thereon.

What we have said covers all points specified in defendant's brief. We find that no prejudicial error was committed in respect to any of such points.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. All concur.