UNITED STATES of America, Appellee,

v.

Richard L. ROBINSON, Appellant.

No. 80–2073.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1981.

Decided April 8, 1981.

Rehearing and Rehearing En Banc
Denied July 6, 1981.

Robert G. Estrada, Wichita Falls, Tex., Crampton, Crampton & Estrada, Wichita Falls, Tex., for appellant.

Ronald S. Reed, Jr., U. S. Atty., Springfield, Mo., Michael A. Jones, Asst. U. S. Atty., Springfield, Mo., for appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Richard L. Robinson was convicted by a jury of conspiring to distribute methaqualone (Count I) and distributing 912,961 tablets of methaqualone (Count II). The district court sentenced Robinson to consecutive sentences of five and three years respectively. This is a direct appeal from the judgment and commitment order.

Robinson asserts that the trial court erred by: (1) wrongly denying the defendant's motion for a mistrial based upon the fact that a juror saw the defendant in the custody of the United States Marshals after

the close of testimony on the second day of trial, and by not declaring the juror an unavailable witness in the hearing on the defendant's mistrial motion; (2) admitting evidence of an extraneous offense; and (3) admitting hearsay evidence under the co-conspirator exception.

We affirm the judgment of conviction.

## I

The only troublesome issue raised on appeal is whether the trial court erred in denying the appellant's motion for a mistrial. The facts relevant to this charge can be simply stated. After the close of testimony on the second day of a three-day trial, Robinson was escorted from the United States Courthouse back to his holding cell at the county jail. Three United States Marshals accompanied Robinson down the back stairwell and through the rear exit of the courthouse. The Marshals directed Robinson to their car that was parked in the lot adjacent to the rear exit of the courthouse. Robinson was transferred with handcuffs and waistchains.

Notwithstanding the Marshals' good faith effort to avoid contact with any of the jurors sitting on Robinson's jury panel, one of the jurors was walking through the parking lot of the courthouse while Robinson was being transferred. The juror turned and saw the Marshals put Robinson in the car. The juror was standing between thirty-five and sixty feet from the Marshals' car; he saw the appellant for only three or four seconds.

The next morning, the defendant moved for a mistrial on the basis that a juror in his own trial witnessed the fact that he was in the custody of the Marshals. Robinson argued that this incident deprived him of the indicia of innocence. Before the trial resumed that day, the trial judge convened a hearing on the motion for a mistrial. The hearing was held in Chambers. At the hearing, the defendant and two Marshals testified to the facts stated above. After these three men had testified, the defendant's lawyer stated:

Judge, * * * I don't believe that the juror himself is an available witness at this time. I would call him, Judge, and see what he remembers, but I fear that by doing so, I would bring about a greater problem than if I didn't. I wouldn't ask the Court to declare him an unavailable witness at this time, but I would call him after the trial is over with to see what he recalls.

The judge told the defense counsel that he could call the juror as a witness if he wished. Thereafter, the juror was called to testify at the hearing on the motion for a mistrial. The juror testified that he saw the defendant in the Marshals' custody, but that he did not recall seeing any handcuffs or waistchains. The juror was excused, the defendant renewed his motion for mistrial and the motion was denied.

## II

A defendant is, of course, entitled to the physical indicia of innocence; without such, the legal presumption of innocence is weakened. *United States v. Gambina*, 564 F.2d 22, 24 (8th Cir. 1977); *United States v. Jackson*, 549 F.2d 517, 526–527 (8th Cir.), *cert. denied*, 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977). This Court has stated before, however, that brief and inadvertent exposure of defendants to jurors is not inherently prejudicial; the defendant must bear the burden of affirmatively demonstrating prejudice. *See United States v. Jackson, supra*, 549 F.2d at 527 & n. 9; *United States v. Leach*, 429 F.2d 956, 962–963 (8th Cir. 1970), *cert. denied*, 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971); *Gregory v. United States*, 365 F.2d 203, 205 (8th Cir. 1966), *cert. denied*, 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1967).

Robinson argues that because a single juror saw him in the custody of the United States Marshals after the trial's afternoon recess and outside the courtroom, we should presume the encounter prejudicial. We reject this argument. The juror did not notice the handcuffs or waistchains; he simply assumed that Robinson was in custody because there were men accompa-

nying him. We noted in *United States v. Jackson, supra,* that far less danger of prejudice arises in a situation where a juror's viewing of a defendant in custody "is fleeting and outside the courtroom." 549 F.2d at 527 n. 9. Here, where Robinson made absolutely no showing of prejudice, we cannot presume it. Accordingly, the district court properly denied the defendant's motion for mistrial.[1] *See United States v. Wilkerson,* 453 F.2d 657, 660–661 (8th Cir. 1971), *cert. denied,* 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804 (1972).

Robinson asserts, alternatively, that the trial court erred by not declaring the juror who viewed him an unavailable witness at the hearing on the motion for mistrial. The record shows that defense counsel never requested the juror to be declared an unavailable witness. Robinson's argument here must be that the trial court should have declared the witness unavailable *sua sponte.*[2] We disagree.

The Federal Rules of Evidence provide "[a] member of the jury may not testify as a witness *before that jury* in *the trial of the case* in which he is sitting as a juror." Fed.R.Evid. 606(a) (emphasis added). This rule does not, however, preclude a juror from testifying at a hearing on issues such as "publicity, attempted tampering and the like." *See* J. Weinstein & M. Berger, *Evidence* ¶ 606[02] (1978). Moreover, the juror that was called to testify at the hearing on the mistrial motion did not give testimony as a witness before the jury panel in which he was sitting as a member. The trial court, therefore, properly instructed defense counsel that he could call the juror if he so wished. *See United States v. Wilkerson, supra,* 453 F.2d at 661.

After careful consideration of the entire record and all proceedings, we conclude that the appellant's other claims are without merit. The trial court permissibly admitted evidence of another crime for the purpose of establishing motive, opportunity and intent. *See* Fed.R.Evid. 404(b). Moreover, the record shows that the government's proof of the other crime was established beyond a clear and convincing standard. *See United States v. Frederickson,* 601 F.2d 1358, 1365 (8th Cir.), *cert. denied,* 444 U.S. 934, 100 S.Ct. 281, 62 L.Ed.2d 193 (1979); *United States v. Adcock,* 558 F.2d 397, 401–402 (8th Cir.), *cert. denied,* 434 U.S. 921, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977). Likewise, the trial court permissibly admitted hearsay testimony under the coconspirator exception consistent with our direction in *United States v. Bell,* 573 F.2d 1040, 1043–1044 (8th Cir. 1978).

The judgment of conviction is affirmed.

---

1. We note that although an alternate juror was available to take the place of the juror who viewed Robinson, defense counsel never requested that the substitution be made. If defense counsel had reasonably believed the inadvertent encounter was prejudicial, he could have moved for the substitution.

2. The appellant cited no authority in his brief nor at oral argument to support the proposition that the juror should have been declared "unavailable." Since the concept of availability, under the Federal Rules of Evidence, properly arises in the context where a court admits hearsay testimony under Fed.R.Evid. 804, we assume that Robinson's request, albeit not artfully stated, was that the juror could not testify because he was not "competent" to testify under Fed.R.Evid. 606(a).