UNITED STATES of America, Appellee,

v.

Bobby Joe CARR, Appellant.

No. 80–2155.

United States Court of Appeals,
Eighth Circuit.

Submitted April 17, 1981.

Decided May 14, 1981.

Norman Wilkinson, Fort Smith, Ark., for appellant.

Larry R. McCord, U. S. Atty., Neal Kirkpatrick, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before HENLEY and ARNOLD, Circuit Judges, and FILIPPINE, District Judge.*

---

* The Honorable Edward L. Filippine, United States District Judge, Eastern District of Missouri, sitting by designation.

PER CURIAM.

Bobby Joe Carr appeals the judgment of the district court[1] convicting him, after a jury trial, of conspiracy to commit bank robbery, bank robbery without a firearm, and interstate transportation of stolen property. He was sentenced to a five year and two ten year concurrent terms of imprisonment.

On appeal Carr asserts two grounds for reversal. First, he contends that the trial court erred by denying his motion for a mistrial, which was based on an allegation that several members of the jury panel saw him in handcuffs and a waist chain before trial. Appellant also argues that the district court incorrectly denied a motion for new trial that was made as a result of the prosecution's statement during voir dire that his two accomplices had pleaded guilty to the offenses for which he was being tried and would testify for the government.

We affirm the judgment of conviction.

On the first day of trial, officials of the United States marshal's office escorted Carr, who wore handcuffs and a waist chain, from the Sebastian County Detention Center to the federal courthouse in Fort Smith, Arkansas. Upon arriving at the courthouse, Carr and the marshals evidently walked past some members of the jury panel who were standing in a hallway outside the courtroom. Based upon this occurrence Carr requested another jury panel, alleging that prospective jury members who observed him wearing the handcuffs and waist chain would be prejudiced against him. Carr now contends that the trial court erred in denying his motion for a mistrial.

█ Following its decisions in earlier cases, this court recently stated: "[B]rief and inadvertent exposure of defendants to jurors is not inherently prejudicial; the defendant must bear the burden of affirmatively demonstrating prejudice." *United States v. Robinson*, 645 F.2d 616, 617 (8th

Cir. 1981) (citations omitted). Appellant in the instant case argues that because several prospective jurors "likely" saw him in handcuffs and a waist chain in a courthouse hallway before trial, he was denied a fair trial. We reject this contention and note that a mere unsubstantiated allegation that prospective jury members "likely" saw a defendant in custody does not satisfy a defendant's burden of affirmatively showing that he was prejudiced. *E. g., United States v. Wright*, 564 F.2d 785, 789 (8th Cir. 1977); *Gregory v. United States*, 365 F.2d 203, 205 (8th Cir. 1966). Here, Carr did not ask for a hearing on his allegation or offer to prove the prejudicial effect of the pretrial encounter with members of the jury panel. In light of a record that shows nothing more than a possible brief glimpse of the defendant by prospective jurors, this court will not presume any prejudice. Thus, the district court properly denied appellant's motion for a mistrial.

In his second ground for reversal Carr contends that the prosecutor's statement concerning Carr's two accomplices impaired his right to a fair trial because of the statement's early timing, the scant quantity and quality of evidence implicating him in the crimes, and his decision not to testify.

The following statements were made during the voir dire examination:

MR. KIRKPATRICK (Assistant United States Attorney): Now as you heard when the Judge read the indictment to you, the three counts of the indictment there were two other fellows which have been involved in this episode. Their names are John Earl Smith, Junior and Joseph Wayne Cathcart.

Ladies and gentlemen, those two men are going to testify on behalf of the government today and I'll tell you right now they have been—they plead guilty to this offense, the offenses charged in the indictment and have been convicted of it.

MR. WILKINSON (defense counsel): Your Honor, I'm going to object to Mr.

1. The Honorable Oren Harris, United States Senior District Judge for the Eastern and Western Districts of Arkansas.

Kirkpatrick stating the fact that those two have already plead guilty to the charges in the indictment, that's prejudicial to this case.

MR. KIRKPATRICK: Your Honor, the question of voir dire goes to whether or not they will be able to give these gentlemen the credibility they deserve.

THE COURT: I think that is a proper question if that is the fact and, of course, if it isn't then the Court would consider your motion.

MR. KIRKPATRICK: Would any of you all tend to disbelieve the testimony, without more—tend to disbelieve the testimony of John Earl Smith and Joseph Wayne Cathcart simply because they have already plead guilty to the offenses in this indictment?

(No response from jury panel.)

MR. KIRKPATRICK: Apparently not. . . .

Smith and Cathcart thereafter testified for the government and implicated Carr in the planning and execution of the bank robbery. Several other witnesses corroborated their testimony.

After careful consideration of the entire record, we conclude that appellant's second claim is also without merit. It is evident from the record that the prosecution's statement concerning the guilty pleas entered by Carr's accomplices was made in anticipation of appellant's defense of impeaching the credibility of two of the government's key witnesses.[2] Addressing a similar situation in *United States v. Veltre*, 591 F.2d 347, 349 (5th Cir. 1979), the court stated:

> Defense counsel's expected defense on this theory was merely brought out in advance by the Government to blunt adverse impact on the jury and to minimize the impression that the Government was trying to conceal . . . [the] guilty plea. Where, as here, the codefendant is a witness at trial, subject to the rigors of cross-examination, disclosure of the

guilty plea to blunt the impact of attacks on . . . credibility serves a legitimate purpose and is permissible.

Accordingly, the district court did not err in denying appellant's motion for a new trial, and the judgment of conviction is affirmed.

---

**2.** This court has held that evidence of a guilty plea is admissible if it is introduced to reflect on a witness' credibility or to show his acknowledgement of participation in the offense. *United States v. Wiesle*, 542 F.2d 61, 62 (8th Cir. 1976).