**STATE of Missouri, Respondent,**

v.

**Alonzo JORDAN, Appellant.**

**No. 61840.**

Supreme Court of Missouri,
En Banc.

Feb. 9, 1982.

---

Howard E. McNier, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

Appellant and two co-defendants[1] were charged with second degree murder, § 559.-020 and § 565.008, RSMo 1969, and armed criminal action, § 559.225, RSMo 1969, in connection with the killing of one William Sullivan. Co-defendants pled guilty as part of a plea-bargaining arrangement; appellant pled not guilty. He was convicted on both counts, sentenced to life imprisonment on the former count, and ten years imprisonment on the latter count, with such sentences to be served consecutively. This Court has exclusive appellate jurisdiction. Art. V, § 3, Mo. Constitution (as amended 1976).

A detailed recounting of the facts would be of no precedential value, and we set out only those facts necessary for resolution of the issues presented. On October 4, 1978, appellant and co-defendants were asked to leave The Voyager Lounge of the Travel Lodge Motel in St. Louis. Later, in the early morning hours thereof, the auditor of the motel was working at the front desk and saw the victim, William Sullivan, in the lobby apparently intoxicated. Approximately five minutes thereafter, the auditor heard a shot and saw a man he identified as appellant armed with a rifle chasing another man in the parking lot. After telephoning the police, he saw the man with the rifle enter a motor vehicle. The auditor stated that victim Sullivan was shot by appellant during the chase.

A motel guest testified that he saw one of the co-defendants with a rifle standing at the entrance to The Voyager Lounge; and that he located a policeman who came to the motel but failed to find the man with a rifle. It was this officer who found the victim, apparently dead, in a hallway in the motel complex. Another officer on patrol saw three men running to get into a vehicle and observed that one of them appeared to have been carrying a rifle. As the vehicle left, the officers pursued, stopping only to recover a rifle that had been discarded from the vehicle. The officers later stopped the vehicle and found appellant and co-defendants inside.

The only allegation of error to be considered herein arises from certain statements made to the venire (panel) during voir dire. The prosecutor, in apparent anticipation of an attack upon the credibility of the testimony of the co-defendants whom he intended to call as witnesses for the state, made the following statement:

Now, in the particular case we touch first of all upon a problem area for you or me as the case may be. As I have indicated

1. James Preston and George Kyles.

to you this defendant was charged with two other persons, namely George Kyles and James Preston. Mr. Kyles and Mr. Preston have already pled guilty to a reduced charge, and I expect that they will testify or may testify in this case. Now, obviously they're not going to do that out of the kindness of their hearts. I had to make some arrangements with them. In other words, in exchange for my recommending a lower sentence they have agreed to testify as to what they know about this case, as to what they can say about this case, because they were obviously there. They have already pled guilty. Mr. Kyles is probably, because it was my recommendation at the time in view of all the evidence, going to receive a sentence of seven years in the Missouri Department of Corrections. Mr. Preston is going to receive a sentence of two years.

Defense counsel objected to the above, but specifically only as to the probability of what the co-defendants would actually serve, as neither had been sentenced at that time. The objection was sustained. During further questioning of the venire, while inquiring into any prejudice the prospective jurors might have against a co-defendant solely because of his participation in a plea-bargaining agreement, the prosecutor mentioned at least two more times that appellant's co-defendants had pled guilty.

After the close of all evidence and the trial court's conference on jury instructions, the prosecutor revealed to the court that both co-defendants had requested that the plea-bargains be changed. One wished his charge completely dismissed, and the other wanted an assurance of probation. The prosecutor had refused, and the co-defendants had indicated they would not testify as the state desired. He was aware of these facts at the time of the questioned inquiries. Following that explanation, the prosecutor stated he could not have offered the co-defendants as witnesses in good faith,

and thereafter he moved the trial court for an *in limine* order prohibiting defense counsel from commenting in closing argument upon the failure of the state to call the co-defendants as witnesses. The trial court granted the oral motion and instructed the appellant's counsel that: "You may not comment to the jury that they can assume· that the state's failure to call these witnesses is that the testimony of Preston and Kyles if given, would be adverse to the state because the witnesses were equally available to the State and to the Defendant."

When the trial court took up appellant's motion for new trial, it was then brought to the court's attention that one of the co-defendants had moved to withdraw his guilty plea prior to the beginning of the trial, and that the prosecutor had knowledge of said motion. The prosecutor acknowledged he knew that withdrawal of the plea was pending, but contended that he was "aware that it was without merit, and it did not affect [co-defendant's] lawyer telling me that the [co-defendant] was still available to testify and would testify." The trial court overruled appellant's motion for new trial.

In his motion for new trial and before this Court, appellant alleges error in the overruling of the motion for new trial on the grounds that it was reversible error (1) for the prosecutor to inform the venire that the co-defendants had pled guilty to reduced charges in exchange for the testimony, and (2) for the trial court to grant the motion *in limine* restricting the inferences counsel could argue from the state's failure to call the co-defendants as witnesses.

■ Whether or not appellant's objections, as made, preserved the points for review is questionable; but, we need not extend this opinion by resolving that issue as we believe the matter is for consideration under Rule 29.12(b),[2] which should not be: "... routinely invoked; it must be limited to circumstances where manifest injustice or miscarriage of justice has result-

---

**2.** Formerly Rule 27.02(c). Rule 29.12(b) reads: "(b) Plain error. Plain errors affecting substantial rights may be considered in the discre-

tion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

ed. The plain error rule is intended to be the ultimate repository of an appellate court's power to correct injustice...." *State v. Bainter,* 608 S.W.2d 429, 431 (Mo. App.1980). "When guilt is established by overwhelming evidence no injustice or miscarriage of justice will result from the refusal to invoke the rule." *Id.* citing *State v. Hurtt,* 509 S.W.2d 14, 15[3] (Mo.1974).

Appellant does not challenge the sufficiency of the evidence against him; but, in any event, our review of the record indicates a submissible case was presented by the state. However, the evidence of appellant's guilt cannot be described as "overwhelming"; and, the prosecutor's disclosure of the guilty pleas before the venire "injected the venom of prejudice into defendant's right to a fair and impartial trial," *State v. Fenton,* 499 S.W.2d 813, 816 (Mo.App.1973), an obviously substantial right within the meaning of Rule 29.12(b). Accordingly, we review the allegations under plain error.

"It is well settled that the disposition of the case of another person charged with the same crime is not admissible in the trial of a codefendant." *State v. McCarthy,* 567 S.W.2d 722, 723 (Mo.App.1978); *State v. Johnson,* 456 S.W.2d 1, 4 (Mo.1970); *State v. Aubuchon,* 381 S.W.2d 807, 815–16 (Mo. 1964). "In this state it is deemed error, usually reversible error, to show in evidence *or tell the jury* that a jointly accused defendant has been convicted or plead guilty." *State v. Fenton,* 499 S.W.2d 813, 816 (Mo. App.1973) (Emphasis added).

The decision in *Fenton* is an example of our state's attitude toward disclosure to the jury of a co-defendant's plea or conviction. There, the prosecutor stated that co-defendants of the defendant on trial would testify to their pleas of guilty. This was during an outline of the state's case in opening argument.[3] The court held the prosecutor's statements to be improper and prejudicially erroneous, reflecting the "elementary principle of justice that one man shall not be affected by another's act or admission, to which he is a stranger," 499 S.W.2d at 816. It further stated that it would "have no hesitancy in this case to invoke the provisions of the plain error rule," though it was deemed not necessary.

In *State v. Dunn,* 615 S.W.2d 543 (Mo. App.1981), during voir dire the prosecutor was attempting to prepare the jury for a co-defendant's appearance as a witness for the state and to determine the effect his plea-bargain would have upon his credibility by disclosing the plea and plea-bargain. 615 S.W.2d at 548. Counsel for defendant objected to the questions asked, but only as to the *form* and not the substance, with his objection being sustained. As the Eastern District noted: "It is apparent that it was defendant's trial strategy to use this fact [the plea-bargain] to attack the credibility of [the co-defendant]. *This his counsel did skillfully in crossexamination and in argument."* 615 S.W.2d at 549 (Emphasis added).

In *Dunn* the court continued: "This portion of the voir dire on the part of the State was not well thought out nor artfully prepared and it was improper." 615 S.W.2d at 549. Yet, the court did not reverse the conviction for counsel's objection to the prosecutor's statement was promptly sustained and the jury panel was instructed to disregard the statements.

In *State v. Borden,* 605 S.W.2d 88 (Mo. banc 1980), this Court recently examined a situation closely resembling the one now before it. In *Borden* the prosecutor mentioned the co-defendant's plea-bargain in voir dire, opening statement, and in direct examination of the co-defendant without objection. His statements were made in anticipation of an attack upon the credibility of the co-defendant. This Court examined the record under plain error and held: "We cannot say the presentation of evidence of information demonstrating a prob-

---

**3.** For purposes of our examination, disclosures made during opening argument are sufficiently analogous to those made during voir dire. In fact, an instruction (MAI–CR2d 2.02) is given which informs the jury that opening argument is not evidence, while there is no such instruction for voir dire. Thus, informing the jury of a co-defendant's plea during voir dire is probably more damaging than the same statement during opening argument.

able bias of the State's key witness in anticipation of an attack by way of cross-examination was error *under the circumstances here.*" 605 S.W.2d at 91 (Emphasis added). Most importantly, the circumstances of *Borden* included a "vigorous cross-examination" of the co-defendant by defense counsel.

The Federal Courts have encountered similar disclosures during voir dire of a co-defendant's plea of guilty. A recent 8th Circuit decision, *United States v. Carr*, 647 F.2d 867 (1981), had the same issue before it as we must decide: *i.e.*, disclosure during voir dire of a plea-bargain agreement made in anticipation of an attack upon the credibility of the co-defendant as a witness. The 8th Circuit's per curiam opinion held that: "where, as here, the codefendant is a witness at trial, subject to the rigors of cross-examination, disclosure of the guilty plea to blunt the impact of attacks on . . . credibility serves a legitimate purpose and is permissible." [4]

■ The thrust of the foregoing cases is that disclosure to the jury panel of a co-defendant's plea-bargain agreement standing alone is erroneous but under some circumstances not prejudicial. The *Dunn* and *Borden* cases so held, relying upon the opportunity given defense counsel to cross-examine the co-defendant as a cure of any prejudice. The *Carr* decision evidences a corresponding view on the federal level, since the 8th Circuit's affirmation of the disclosure rested upon the co-defendant being "subject to the rigors of cross-examination." However, in the case at bar, the co-defendants did not take the stand as witnesses for the state and give the defense an opportunity to explore through cross-examination the plea-bargain agreement and circumstances leading thereto. This important fact necessarily distinguishes the *Dunn, Borden* and *Carr* opinions from that before us.

In *United States v. Vaughn*, 546 F.2d 47 (5th Cir., 1977), the defendants on trial were charged with conspiracy to import marijuana. Numerous other defendants were named, but either pled guilty or were dismissed. During voir dire, the trial court told the jury, "to satisfy your curiosity," that the other defendants either pled guilty or were dismissed, and further, even cautioned them "that fact has nothing whatsoever to do with the guilt or innocence of these three people being tried." 546 F.2d at 50. Counsel for defendant objected and moved the panel be stricken, but the motion was overruled. The 5th Circuit reversed and remanded and remarked that:

> None of the defendants who pled guilty or who had been dismissed were called by the government as witnesses. It might be said that from the prosecution standpoint there was hardly any necessity for it because the jury had been told at the outset, by the Court, that some of the co-indictees had pled guilty, thus solemnly confessing the existence of the conspiracy and their participation in it.

*Id.*

We find ourselves in agreement with the Court in *United States v. Vaughn, supra.* This Court can sympathize with the plight of this and other prosecutors, and recognizes that in all likelihood the circumstances herein were not designed, intended, or the product of bad faith on the part of the prosecutor. Nevertheless, the prejudice to appellant, charged with complicity in the same acts as the self-confessed guilty defendants, is obvious. *United States v. Hansen*, 544 F.2d 778, 780 (5th Cir. 1977).

Based on the rationale of *State v. Fenton, supra*, we do not hesitate to invoke the plain error rule. Thus, upon review of the record and the aforementioned precedents, reversal of appellant's conviction is necessitated. For comparable examples where new trials were required, *see State v. Castino*, 264 S.W.2d 372 (Mo.1954); *State v. Mull*, 318 Mo. 647, 300 S.W. 511 (1927); *State v. McCarthy*, 567 S.W.2d 722 (Mo.App. 1978); *State v. Fenton, supra* ; and *State v. Stetson*, 222 S.W. 425 (1920).

This holding does not mean that the disclosure of a co-defendant's guilty plea is prejudicial in all instances. That determi-

---

4. Quoting *United States v. Veltre*, 591 F.2d 347, 349 (5th Cir. 1979).

nation can be made on a case-by-case basis. We only rule that under *these* facts and circumstances, appellant's conviction cannot stand.

Because the judgment must be reversed and remanded, we do not consider other points of error, as they may not arise on retrial. Reference other alleged errors, the state may consider the brief filed here and govern itself accordingly. *State v. Aubuchon*, 381 S.W.2d 807 (Mo.1964).

The judgment is reversed and the cause is remanded.

All concur.