811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Emmett WALSH, Defendant-Appellant.
 No. 86-3093.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1986.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Robert E. Walsh, was convicted of conspiring to import marijuana in violation of 21 U.S.C. Sec. 963 (Count I), and conspiring to distribute marijuana in violation of 21 U.S.C. Sec. 846 (Count II). He was sentenced on January 15, 1986 to five-years confinement on Count I and ten-years confinement on Count II, with the sentences to run concurrently. On appeal from these convictions, the defendant argues that certain evidence was admitted at trial in violation of his Fourth Amendment rights, that a tape-recorded conversation was improperly admitted into evidence and that the jury venire was tainted by the trial court's impermissible questioning of a juror. We find each of these objections to be without merit and affirm the district court.
 
 I.
 
 2
 Defendant argues that his Fourth Amendment rights were violated when certain evidence linking him to the conspiracy was admitted at trial and reasons that evidence which was seized from a hotel room should have been suppressed. First defendant argues that the parties stipulated that two hotel rooms, rooms 701 and 702 were registered in his name, but that the government had failed to prove he had checked out of room 702, the room from which the challenged evidence was seized. From this, defendant concludes that he had a reasonable expectation of privacy in room 702 when the evidence was taken from that room. Alternatively, defendant argues that if in fact room 702 was registered to or occupied by a third party, that third party had not checked out of the room when the evidence was seized. Thus, defendant claims that even under this scenario the evidence was improperly seized. We will address both of these arguments.
 
 
 3
 Although a hotel guest is protected from unreasonable searches and seizures under the Fourth Amendment, Stoner v. California, 376 U.S. 483, 490 (1964), he no longer has a reasonable expectation of privacy in the room's contents once he has checked out of the hotel room. Cf. United States v. Larson, 760 F.2d 852, 854-55 (8th Cir.), cert. denied, 106 S.Ct. 143 (1985). Therefore, when evidence is seized from a hotel room after the guest has checked out, there is no Fourth Amendment violation. In the instant case, defendant relies on a stipulation by the parties that both hotel rooms in question were registered in his name; we believe that this same stipulation, as well as the evidence of record, clearly indicates that defendant checked out of both rooms, not just room 701, before the evidence was seized. Having checked out of the hotel rooms, he therefore had no expectation of privacy in the material which had been left in the rooms, and cannot assert the protection of the Fourth Amendment.
 
 
 4
 If the evidence was seized from a room which was actually registered to or occupied by a third party, defendant similarly cannot raise a Fourth Amendment claim. The Fourth Amendment is a personal right which can be asserted only by the individual whose rights have been violated. See Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); Rawlings v. Kentucky, 448 U.S. 98, 104-05 (1980). If the room from which the evidence was seized was not registered in the defendant's name, or if the room was occupied by a third party who had not yet vacated the room, we find that defendant had no legitimate expectation of privacy in the items which were in the hotel room, and, therefore, his Fourth Amendment rights were not implicated when the items were seized. See United States v. Adamo, 742 F.2d 927, 947-48 (6th Cir.1984) (a guest at a party has no legitimate expectation of privacy in the premises), cert. denied, 105 S.Ct. 971 (1985). Since defendant lacks standing to raise the alleged Fourth Amendment violations of a third party, Rakas, 439 U.S. at 134; Rawlings, 448 U.S. at 105, we need not determine whether the third party's Fourth Amendment rights were violated.
 
 
 5
 Accordingly, under either scenario presented by defendant, we find that the evidence seized from the hotel rooms was properly admitted.
 
 II.
 
 6
 Appellant also challenges the admission of a tape recording of a conversation he had with a third party which occurred approximately two years after the conspiracy had ended. He challenges the admission of this evidence on more than one ground.
 
 
 7
 Appellant first argues that the recording should not have been admitted under Fed.R.Evid. 801(d)(2)(A). Rule 801(d)(2)(A) provides that "[a] statement is not hearsay if ... [t]he statement is offered against a party and is ... his own statement, in either his individual or a representative capacity...." Appellant asserts that his statements were not "admissions" within the meaning of this rule because these statements did not amount to an admission of guilt on the crimes charged in the indictment. We reject this argument.
 
 
 8
 Under Rule 801(d)(2)(A), statements "need not be incriminating to be admissions. For statements to constitute admissions they need only relate to the offense." Guam v. Ojeda, 758 F.2d 403, 408 (9th Cir.1985). The statements admitted in the instant case did "relate to the offense." The conspiracy with which he was charged involved a number of activities which were discussed by appellant in the tape-recorded discussions. Further, he connected himself with one of the primary organizers of the conspiracy, Orlando Carabbi. By recognizing that the conversations "relate to the offense" charged in the indictment, thereby constituting an admission within the context of Rule 801(d)(2)(A), we are also ruling that the evidence is relevant within the meaning of Rule 401.[1]
 
 
 9
 Appellant next argues that portions of the conversation were not admissible in that they related to post-indictment criminal activity, and that the prejudicial effect of these statements outweighed their probative value. Since appellant did not challenge the admission of this evidence under Rule 403, Fed.R.Evid., nor did he request that portions of the conversation be redacted we can only review the admission of this evidence for plain error. See Fed.R.Crim.P. 52(b); United States v. Wright, 783 F.2d 1091, 1101 (D.C.Cir.1986); United States v. Medina, 755 F.2d 1269, 1276 (7th Cir.1985).
 
 
 10
 The plain error doctrine of Rule 52(b) is designed only to correct " 'particularly egregious errors' " United States v. Young, 470 U.S. 1, 15 (1985) (quoting United States v. Frady, 456 U.S. 152, 163 (1982)); in other words, errors which " 'seriously affect the fairness, integrity or public reputation of judicial proceedings.' " Id. (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). We do not believe that, when viewing the record in its entirety, appellant was substantially prejudiced by this evidence, nor did the evidence "undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." Id. at 16. We find that the admission of this evidence does not rise to the level of plain error and, therefore, does not constitute reversible error.
 
 III.
 
 11
 Finally, appellant argues that his convictions must be set aside because the jury venire was tainted. We find this argument to be without merit.
 
 
 12
 Appellant objects to the following statement which was directed at a particular juror in the presence of the rest of the jury:
 
 
 13
 Now, Ms. Marshall, there is one further question that I want to put to you, and it is that the defendant, Mr. Walsh, is currently in custody and is confined at the jail in the Justice Center. Would the fact that your husband is a deputy sheriff and the defendant is so confined cause you to favor one side over the other in this case?
 
 
 14
 Appellant asserts that the refusal to dismiss the jury venire after this statement was made denied him a fair trial.
 
 
 15
 The right to a fair trial encompasses the right to an impartial jury and, most importantly, the right to the presumption of innocence. See Estelle v. Williams, 425 U.S. 501, 503 (1976). There are some practices, such as having a defendant appear before the jury in shackles or dressed in prison clothes, which "may undermine the fairness of the fact-finding process," id., and would thus deprive the defendant of the presumption of innocence. Such practices may therefore be impermissible unless the practice is "justified by an essential state interest specific to each trial." Holbrook v. Flynn, 106 S.Ct. 1340, 1346 (1986). When faced with such a question, the court must determine whether the practice "was so inherently prejudicial as to pose an unacceptable threat to defendant's right to a fair trial ...," or whether the defendant shows actual prejudice resulting from the practice. Id. at 1348.
 
 
 16
 The statement made by the trial judge in the instant case does not fit into any of the categories in which this issue is generally raised, see Kennedy v. Cardwell, 487 F.2d 101, 104-09 (6th Cir.1973), cert. denied, 416 U.S. 959 (1974), nor do we believe that this reference to defendant's incarceration, which appears to have been an entirely proper reference under the circumstances, can be equated with parading a shackled defendant in front of the jury. Cf. United States v. Carr, 647 F.2d 867, 868 (8th Cir.1981) (per curiam). We conclude that this question to the juror was not inherently prejudicial, and, since the defendant did not show that he suffered actual prejudice as a result of this remark, we cannot set aside his convictions on this ground.
 
 
 17
 Having rejected each of the defendant's arguments, we AFFIRM the district court.
 
 
 
 [1]
 Rule 401 states:
 "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.