STATE of Missouri,
Plaintiff-Respondent,

v.

Mark McCOLLUM, Defendant-Appellant.

No. 11381.

Missouri Court of Appeals,
Southern District,
Division Three.

April 22, 1980.

Daniel T. Moore, L. Joe Scott, Poplar Bluff, for movant-appellant.

John D. Ashcroft, Atty. Gen., Michael A. Scearce, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, for respondent.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Mary C. P. Pincus, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

William F. Ringer, Powell, Ringer & Ringer, Dexter, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant was convicted by a Stoddard County jury of escaping from the county jail by means of a dangerous instrument [§ 575.210, V.A.M.S. 1979] and sentenced to twenty years. We affirm.

On November 15, 1978, defendant was arrested and placed in the Stoddard County jail on a charge of tampering with a motor vehicle. Defendant was incarcerated in a part of the jail known as the "bullpen". At trial, defendant admitted he escaped from the jail on January 12, 1979, but denied that he was involved in a conspiracy to escape or that he had any prior knowledge of this escape. He asserted that he was awakened on the morning of January 12, 1979 and asked if he wanted to leave the jail. The State contended that defendant had been involved in a conspiracy to escape and based its case on the testimony of Ronita Haws.

Ronita Haws and Carol Fouts were female prisoner-trustees at the Stoddard County jail and had access to the entire jail. Ronita testified that she had first discussed a plan with Carol to escape with the men in the "bullpen" on January 10, 1979. She stated that Carol told her that the men in the "bullpen" would create a disturbance and that they were to get the deputy's gun.

On January 11, 1979, Carol obtained a hammer from the basement of the jail, which she hid under her mattress and later in the jail's kitchen. On January 12, 1979, about 3:00 a. m. a disturbance was created in the "bullpen". Ronita and Carol went downstairs, confronted the deputy, and asked him what he was going to do about it. The deputy refused to do anything and went back to sleep on a couch in the jail's lobby. Ronita and Carol went back to the "bullpen", where Carol told defendant and Dale Abel that the deputy refused to check on the disturbance. Carol and Ronita then went into the kitchen where Carol grabbed the hammer, approached the deputy lying on the couch, and struck him on the head. They grabbed the keys and released defendant, who was waiting with his packed suitcase, and Dale Abel from the "bullpen". Defendant, Carol, Abel and Ronita fled the jail. Defendant was arrested two days later, with Carol Fouts, in Dexter, Missouri.

Defendant's first claim of error is that the trial court erred in allowing Ronita Haws to testify to statements made by Carol Fouts that incriminated the defendant. Defendant asserts that, even if these statements came within a recognized exception to the hearsay rule, he has been denied his constitutional rights of confrontation and cross-examination by the application of this rule.

This assignment does not point out the precise testimony objected to, nor what actions or rulings of the trial court are sought to be reviewed, in violation of Rule 30.06(d), V.A.M.R. *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). As such, our review is limited to a determination of whether the trial court committed "plain error", such that a "manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20, V.A.M.R.

Apparently, the defendant is contending that the trial court should not have permitted the following testimony of Ronita Haws:

(1) statements made during the conversation with Carol Fouts on January 10, 1979, that Carol was to be a party to leaving the jail and that the men in the "bullpen" would create a disturbance so that Carol could grab the deputy's gun;

(2) statements made by Carol to the deputy on January 12, 1979, asking him if he was going to go back into the "bullpen" when the disturbance occurred; and

(3) a statement by Carol to defendant and Dale Abel that the deputy was not going to come back into the "bullpen".

In Missouri, after a conspiracy has been independently shown to exist, statements or declarations of a coconspirator or coactor, made in the furtherance of the object of an unlawful combination, are admissible against another coconspirator or coactor not present when such statements or declarations were made. *State v. Johnson*, 286 S.W.2d 787 (Mo.1956); *State v. Deyo*, 358 S.W.2d 816 (Mo.1962); *State v. Garton*, 371 S.W.2d 283 (Mo.1963).

We find that the trial court properly allowed Ronita Haws to testify concerning statements made by Carol Fouts. At trial, Ronita Haws admitted that she was a partner in this escape, before she testified to statements made by Carol Fouts. It is clear that these out-of-court statements come within the above exception to the hearsay rule and bore sufficient indicia of reliability such that the application of this exception did not violate the defendant's right of confrontation. See: *United States v. Scholle*, 553 F.2d 1109 (8th Cir. 1977); *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970).

Defendant's remaining assignment of error is that the trial court erred in overruling defendant's motion for judgment of acquittal because, absent the extra-judicial statements by Carol Fouts, there was no substantial evidence to independently establish that a conspiracy existed.

As stated in *State v. Baldwin*, 358 S.W.2d 18 (Mo.1962), ". . . a conspiracy to commit an offense may be established by circumstantial evidence. . . . [and] by the testimony of one of the conspirators." 358 S.W.2d at 24. As such, Ronita Haws' admission that she was a partner in the escape would be sufficient independent evidence to establish that a conspiracy to escape existed *prior* to her testimony concerning Carol Fouts' statements. *Glover v. State*, 528 S.W.2d 507 (Mo.App.1975).

The judgment is affirmed.

All concur.