**STATE of Tennessee, Appellee,**

v.

**James Granville CRAWFORD and Dennis Crawford, Appellants.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 22, 1981.

Permission to Appeal Denied by Supreme Court Aug. 31, 1981.

John B. McKinnon, III, W. Stanley Yarbro, Johnson City, for appellants.

William M. Leech, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, William R. Mooney, Asst. Dist. Atty. Gen., Johnson City, for appellee.

## OPINION

DWYER, Judge.

The appellants were convicted by a jury for committing the offense of rape with confinement for thirty-five years.

The issues proffered in this appeal as of right address (1) the sufficiency of the evidence; (2) the trial court's refusal to excuse certain jurors for cause; (3) the cross examination by the State attorney and its alleged infringement on appellant's right to silence; (4) the introduction of evidence by the prosecution contrary to defendant's pretrial motion for discovery. The judgment of the trial court is affirmed.

We view the evidence under established rules of law that the jury has resolved the conflicts and discrepancies in the testimony of the witnesses and has accredited the theory of the State. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978). It is not necessary to detail the more than one thousand pages of testimony elicited at the trial but rather it suffices to say that around 3:00 a. m. on August 27, 1977, the victim and her 15-month-old son were forcibly removed from their trailer home, and driven to a remote region of Washington County where the appellants alternated in raping her. This brutal rape was culminat-

ed by simultaneous intercourse. The victim was then struck over the head with a hoe handle causing a depressed fracture. She at first identified the appellants by their voices and later during the event they removed her blindfold after she told them of her discovery. The appellant James Crawford had been married to her sister.

In an apparent effort to conceal their identity after the assault the appellants painted the automobile black using spray cans of paint. A pubic hair taken from the victim exhibited the same characteristics as the pubic hair of James. A witness for the State testified that appellants had asked him to testify falsely that he had observed the victim at the fair with another man in an effort to bolster their theory that the jealous husband had inflicted the injuries on his wife and afterwards the appellants found her and the baby along the road.

Our review of the record convinces us that the evidence is sufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt. T.R.A.P. 13(e). The evidence issues are overruled.

Appellant Dennis Crawford insists the trial court erred in failing to excuse certain prospective jurors for cause who expressed reluctance to disregard the defendant's right not to testify. He further complains that some of these jurors' statements about this right tainted the entire panel; hence, the trial court erred in denying his motion for a mistrial.

From our review of the record, of the five questioned prospective jurors, two were preemptorily challenged and only juror Williams should have been relieved. Once a prospective juror admits to having formed an opinion, he shall be subject to challenge for cause unless the examination shows unequivocally that he can be impartial. Tenn.R.Crim.P. 24(b)(2). After an extensive inquiry into this matter Ms. Williams replied, "Well, I still have my doubts as to whether I could". The trial court's failure to remove her, however, does not conclude the matter. The record reflects appellant had two preemptory challenges available at that time, therefore, we adhere to the well settled rule in this State:

"... if said challenge (for cause) is not sustained, failure to use any available preemptory challenge to remove the objectionable juror, precludes reliance upon the juror's disqualification upon appeal." *Sommerville v. State*, 521 S.W.2d 792, 797 (Tenn.1975). Also see *Hale v. State*, 198 Tenn. 461, 473, 281 S.W.2d 51 (1955).

Further, we are not impressed that the other prospective jurors' remarks concerning this issue tainted the entire venire so as to warrant a mistrial. This issue is overruled.

Next, the appellant complains that the State's attorney's cross examination of James Crawford infringed upon his right to silence and the trial court erred in not granting a mistrial. This is predicated upon the following two instances: Appellant testified that it was his theory that the victim was beaten by her husband. The State inquired if such were true, why did he and his brother turn her over to the husband at the Crawford's homeplace and not pass this information to the police. The record reflects that this type of questioning continued until counsel moved for a mistrial after the State attorney asked James if he had been advised of his rights and if he had been given an opportunity to give the officers a statement. The trial court deferred his ruling on the mistrial motion. Later, the appellant testified on redirect that he cooperated with the police. The State's attorney once again cross examined as to why he did not tell the officers his theory to which appellant replied that his attorney told him to remain silent. An objection was interposed at this time and was promptly sustained.

The trial court, in denying the mistrial motion, reasoned the State's attorney had indirectly questioned the defendant about his silence but at that time no objection was made. Further, the court reasoned no instructions *sua sponte* were given to disregard because it would emphasize the situation.

We are in accord with the trial court's reasoning. This court will not con-

sider an issue based on the admission of evidence unless timely objection was made in the trial court so as to give that court opportunity to make correction. *Crawford v. State,* 4 Tenn.Cr.App. 142, 150, 469 S.W.2d 524, 527 (Tenn.Cr.App.1971).

The second instance compels more attention. As the appellants aptly point out, the United States Supreme Court in *Doyle v. Ohio,* 426 U.S. 610, 618, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976) said:

> "... it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial."

We are of the opinion error was committed when the State's attorney pursued this line of questioning; however, in view of the overwhelming evidence of appellant James Crawford's guilt, coupled with the fact that the objection was sustained and the appellant testified that he remained silent upon the advice of counsel, the error did not affect the results. T.R.A.P. 36(b). Also see *Doyle v. Ohio, supra,* pp. 619, 620, 96 S.Ct. pp. 2245–2246.

Finally, appellants argue that certain discoverable evidence was not disclosed to the defense prior to trial pursuant to a Rule 16 motion; therefore, the trial court erred in admitting (1) the testimony of an FBI agent regarding the comparison of the pubic hair samples of the victim's husband and appellant James G. Crawford and (2) a note allegedly written by James Crawford to his employer. Appellant's sister was cross examined as to whether she hand-delivered this note in order to get his paycheck. With the record showing that the prosecutor's file had been available to the prior attorneys and while the questioned note was not in the file, a statement inside clearly reflected its existence, we fail to find error here.

During the course of the trial and before the hair analysis expert testified, the prosecutor requested that he compare the pubic hairs. No written report of such result was made; however, in view of Tenn.R. Crim.P. 16(c) the State had a duty to promptly disclose this information. Our review of the record convinces us that this error was harmless beyond a reasonable doubt. T.R.A.P. 36(b). In the future to avoid any appearance of impropriety under these circumstances, the State is cautioned to promptly inform opposing counsel. These issues are overruled.

The judgment of the trial court is affirmed.

WALKER, P. J., and BYERS, J., concur.