**STATE of Tennessee, Appellee,**

v.

**James BENSON, Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

Jan. 11, 1983.

William M. Leech, Jr., Atty. Gen., David
M. Himmelreich, Asst. Atty. Gen., Nash-
ville, Joe Baugh, Asst. Dist. Atty. Gen.,
Franklin, for appellee.

Jerry Colley, Columbia, Robert French,
Fort Payne, Ala. (at trial); Mary A.
Parker, Nashville (on appeal), for appel-
lant.

OPINION

WALKER, Presiding Judge.

The appellant, James Benson, was con-
victed in the Circuit Court of Hickman
County of possessing with intent to deliver
or sell more than 200 grams of a schedule II

controlled substance, methaqualone. In accordance with the jury's verdict, the trial judge on November 18, 1981, sentenced Benson to ten years in the penitentiary and to pay a fine of $100,000.00.

Appellant does not claim that the evidence was insufficient to convict; therefore, no detailed account of the facts from which the conviction arose is necessary. Informant James Douglas arranged to buy drugs from appellant at the Bucksnort exit off I–40 on June 4, 1980. TBI agent Donna Pence accompanied Douglas from Nashville to the Foxes' Den Restaurant at the Bucksnort exit. Several other TBI agents were present at various points. Appellant drove up in a borrowed car. Douglas went outside the restaurant to talk to him. Appellant pulled his car alongside Douglas's. Douglas got a paper bag filled with money out of the trunk of his car and walked toward the appellant. Douglas, Pence, and the appellant were arrested. A search of appellant's vehicle revealed numerous papers including motel bills, an airline ticket, a Kentucky traffic citation, a notebook containing calculations and prices, 28 grams of cocaine, 1000 methaquaalude tablets, a "coke" spoon, a "separator" kit, and a bill indicating that appellant owned another automobile. The defense presented no proof.

On his appeal Benson says that the trial judge improperly participated in plea negotiations, that those negotiations prejudiced the trial judge requiring that he recuse himself, that a change of venue should have been granted, that the court erred in refusing cross-examination about concessions to one not a witness but a participant at the transaction. We first consider, however, the issues of the state's failure to comply with a discovery motion and the assistant district attorney general's conduct during the trial. The cumulative effect of these errors was prejudicial to the appellant's case and is reversible. See *State v. Hicks,* 618 S.W.2d 510 (Tenn.Cr.App.1981); *Judge v. State,* 539 S.W.2d 340 (Tenn.Cr.App. 1976).

Benson was indicted August 5, 1980, and on August 30 he filed a motion for discovery under Tenn.R.Crim.P. 16 seeking, among other things, access to books, papers, and other tangible objects, and a sample of the alleged contraband seized. The state did not answer the discovery motion, but it is apparent that defense counsel as well as the trial court understood that the controlled or drug material had been lost or misplaced at the Tennessee Bureau of Investigation in Nashville and was not available for chemical analysis.

The state did give defense counsel a copy of a laboratory report and a case summary, this being the only matters of discovery furnished counsel. The existence of a Tenn.R.Crim.P. 16 request places the burden on the state to act with reasonable diligence. *Hicks,* supra, 618 S.W.2d at 514.

On the trial day, the appellant did not know whether or not the drugs would be available. There for the first time the prosecutor disclosed that the drugs were available.

Before the jury was sworn, defense counsel moved for a continuance for compliance with his discovery motion and for his examination of a sample of the alleged drugs. The prosecutor's attitude about the request for discovery was demonstrated by his comments, "I don't know of any request they made to us for a sample of these drugs.... You can't just take narcotics and deliver them over to attorneys.... We cannot in keeping with the law turn drugs over to just any Tom, Dick or Harry.... Who asked for a sample? When was that asked for other than in this motion (discovery motion)?" The trial judge denied a continuance but suppressed the evidence except the controlled substances, but then later reversed himself and admitted into evidence all of the items mentioned in the police report.

The appellant was entitled to a sample of the contraband to be tested. *State v. Gaddis,* 530 S.W.2d 64 (Tenn.1975). If this sample were the only thing not provided, we could conditionally remand the case and

reinstate the judgment if the defense's chemical analysis showed it to be contraband. 530 S.W.2d at 67. The state, however, failed to supply access to the papers seized from Benson, from his brown attache case and from the vehicle in which he was sitting when arrested. The only description given counsel was "numerous papers." The police and laboratory reports did not give the full and adequate notice required by Tenn.R.Crim.P. 16. We cannot say that this error is harmless beyond a reasonable doubt. See *Crawford v. State,* 620 S.W.2d 543 (Tenn.Cr.App.1981). Under the circumstances of this case, the court should have granted a continuance. *State v. Cadle,* 634 S.W.2d 623 (Tenn.Cr.App.1982).

■ Outside the presence of the jury, the trial judge at one time characterized the prosecutor's conduct as rude and arrogant. Although none of the prosecutor's improper remarks in the jury's presence alone require reversal, the number of them made a fair trial impossible. *Judge v. State,* supra. While the state had a strong case, the assistant district attorney general found it necessary to blurt out an answer for his own witness during cross-examination, to tell the trial judge on several occasions that he had no authority for his ruling, to comment that fingerprints taken from tangible evidence matched the appellant's even though such evidence had been held inadmissible, and repeatedly to continue argument on objections after the judge had ruled. These actions violated the ABA Standards for Criminal Justice, the Prosecution Function, secs. 5.2, 5.6, 5.7(d), 5.8. Section 5.2 provides that the prosecutor should support the authority of the court and the dignity of the courtroom by strict adherence to the rules of decorum and by manifesting an attitude of professional respect toward the judge, opposing counsel, witnesses, defendants, jurors and others in the courtroom. The prosecutor first stated that counsel had made no request for the drug samples and then that he (the prosecutor) could not trust drug samples with any Tom, Dick and Harry who asked for them.

The prosecutor, as the People's lawyer, is held to a high standard of conduct. He is "the representative not of an ordinary party in the controversy, but of a sovereignty . . . . whose interest, therefore, in a criminal prosecution, is not that it shall win a case, but that justice shall be done. . . ." "It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

The prosecutor's conduct and his failure to provide discovery deprived the appellant of a fair trial and require reversal of the case. See Annot. 40 L.Ed.2d 886 (1974).

Although we find that the case must be reversed, we have examined all other issues presented by appellant and find no merit in them.

■ On March 3, 1981, eight months before this trial, prospective jurors were in the courtroom. In chambers the prosecutor and defense counsel presented to the court the results of their plea bargaining negotiations. Back in the courtroom the trial judge explained to the prospective jurors that he could only assume that the defendant was going to plead guilty because he was guilty; that he would serve at least a year and pay a fine of $20,000.00 of which $360.00 would be used to pay for the jurors' service on that day. He then excused the jury. The trial judge, however, rejected this plea agreement because the sentence agreed upon was for less than was required for possessing with intent to sell a schedule II substance. The record does not show that the trial court participated in any plea negotiations in violation of Tenn.R.Crim.P. 11(e)(1). The parties undertook other plea negotiations but the court is not required to accept such an agreement. The record shows no improper participation in any plea negotiations by the court or any bias against Benson and no reason why he should recuse himself.

The record also reflects no grounds for a change of venue. The appellant cites no authority on this issue. It is meritless.

■ The appellant's argument that he should have been allowed to cross-examine TBI agents about concessions made to the informant Douglas is likewise without merit. Douglas was not a witness. When the credibility of a witness is material or the state has falsely denied that a deal was made, the prosecution is required to disclose that a witness has been offered concessions. *DeMarco v. United States,* 415 U.S. 449, 94 S.Ct. 1185, 39 L.Ed.2d 501 (1974). The state was required to disclose the identity of a material witness at a drug sale. *Roberts v. State,* 489 S.W.2d 263 (Tenn.Cr.App.1972). The state did this; Agent Pence testified that Douglas was motivated by some "deal" of which she did not know the exact nature. The jury knew that Douglas was cooperating with the state and was probably motivated by self-interest. Since he was not present and did not testify, his credibility was not a material issue.

Reversed and remanded.

O'BRIEN and CORNELIUS, JJ., concur.