**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Terry YINGST, Defendant-Appellant.**

**No. 13056.**

Missouri Court of Appeals,
Southern District,
Division Four.

April 25, 1983.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied May 17, 1983.

Application to Transfer Denied June 30, 1983.

John D. Ashcroft, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Cynthia O. MacPherson, Mountain Grove, for defendant-appellant.

PREWITT, Judge.

Defendant was charged with the shooting death of Robert Kimes which occurred on July 23, 1979, in Ozark County, Missouri. A jury convicted him of capital murder and he was sentenced to life imprisonment. This court has jurisdiction of his appeal. *State v. Martin,* 644 S.W.2d 359 (Mo. banc 1982). As there is no contention that the evidence was insufficient to support a conviction, and as it clearly was sufficient, no separate recitation of facts is given. The facts that we deem relevant to discuss the matters considered are set forth in the discussion of those points.

■ We first consider defendant's contention that the trial court erred in not dismissing this matter because the trial was not commenced within sixty days following a mistrial as provided in § 545.780.4, RSMo 1978. Trial was commenced eighty-eight days after the mistrial. After a mistrial § 545.780.4 provides that the court "may extend the period for retrial not to exceed one hundred and eighty days from the date of the order if unavailability of witnesses or other factors resulting from passage of time shall make trial within sixty days impractical." There were sufficient such "factors" here that not dismissing this action was not an abuse of the discretion granted the trial court under § 545.780. See *State v. McClure,* 632 S.W.2d 314, 316 (Mo.App.1982).

We next discuss defendant's contention that the trial court erred when it allowed the state to show by its witness, Steven Barg, that he was going to plead guilty to second-degree murder of Robert Kimes. Barg testified that he hired defendant to kill Kimes and they went to Kimes' farm, where defendant shot him.

■ Evidence that a jointly accused defendant has been convicted or plead guilty is usually reversible error. *State v. Fenton,* 499 S.W.2d 813, 816 (Mo.App.1973). A "defendant is entitled to be tried on his own without having his guilt prejudged by what has happened to another, it being considered an elementary principle of justice that one man shall not be affected by another's act or admission, to which he is a stranger." Id. Presentation to a jury of information concerning a confederate's conviction of a crime is improper because it infers that since the confederate was guilty the defendant must be guilty and violates the defendant's right to be tried on his own. *State v. McCarthy,* 567 S.W.2d 722, 723–724 (Mo.App.1978). See also *State v. Clark,* 646 S.W.2d 409, 410–411 (Mo.App.1983).

■ Disclosure of a co-defendant's plea-bargain agreement is erroneous but under some circumstances not prejudicial. *State v. Jordan,* 627 S.W.2d 290, 294 (Mo. banc 1982). Whether it is prejudicial must be made "on a case-by-case basis". Id. 627 S.W.2d at 294–295. See also, Annot., Prejudicial effect of prosecuting attorney's argument or disclosure during trial that another defendant has been convicted or has pleaded guilty. 48 A.L.R.2d 1016 (1956).

The state contends that showing the plea bargain in direct examination has been approved in *State v. Neal,* 526 S.W.2d 898 (Mo.App.1975) and *State v. Borden,* 605 S.W.2d 88 (Mo. banc 1980). Neither case is applicable here. *Neal* did not involve a guilty plea to the same crime but an agreement involving another charge. It held that the state, in anticipation and by way of explanation, on direct examination, may show the interest of the witness because of

that agreement. In *Borden* no objection was made to the evidence regarding the guilty plea and all aspects of it were extensively covered by defendant's counsel on cross-examination. The state was allowed to anticipate the cross-examination and no plain error was found.

■ Here defendant objected and was overruled when the state referred to the plea agreement during voir dire of the jury and when the state asked Barg about the agreement. Defendant contends he considered it prejudicial to him and was not going to show it during cross-examination. Whether it was shown should have been his decision and not the state's. We see no circumstances here that might have prevented this evidence from being prejudicial to defendant. That prejudice may have been magnified by the state's closing argument. There its counsel stated, "And how about Steve Barg? Well, he's going to plead guilty, ladies and gentlemen, according to that deal. He's going to plead guilty and get 10 years, and he doesn't know how much he's going to serve. They say it's going to be less, and I think it will be less. But he's going to serve time, and he didn't do the shooting in this case." The obvious inference from this argument was that if Barg was going to be imprisoned, then defendant should also be convicted and imprisoned. Evidence of a coactor's conviction followed by a similar argument was held prejudicial to the defendant in *State v. Burnett*, 637 S.W.2d 680, 684–688 (Mo. banc 1982). See also, *State v. Davis*, 566 S.W.2d 437, 445–447 (Mo. banc 1978); *State v. Granberry*, 491 S.W.2d 528, 530 (Mo. banc 1973).

■ Even if our analysis of *Neal* and *Borden* is erroneous and they would have allowed the state to show the agreement, error is still present as that part of the state's closing argument quoted above asked the jury to consider the agreement beyond the purpose for which it would have been admissible. It was only for the jurors' consideration of Barg's credibility and was not substantive evidence of defendant's guilt. The admission of the proposed plea

was prejudicial error and defendant is entitled to a new trial. We consider hereafter defendant's remaining points which involve matters likely to occur again during the retrial.

■ Defendant contends that the trial court erred in allowing the state to introduce out of court statements of Debbie Lipari to impeach her testimony because they were hearsay and denied him the right to confront and cross-examine her about the portions of the statements she made which accused him of killing Kimes. Debbie Lipari refused to testify at this trial and a transcript of her prior testimony was introduced by defendant. Thereafter, the state introduced statements made by her, inconsistent with that testimony. The statements were admissible. Inconsistent statements of a witness offered as impeachment are not improper because they are hearsay or that they implicate the defendant in the commission of a crime or that they are made out of the presence of the defendant. *State v. Davis*, supra, 566 S.W.2d at 450.

We next discuss defendant's contention that the trial court erred in allowing a witness to describe the recoil of the pistol used in shooting Robert Kimes. Defendant objected to this testimony because it "is not a matter for expert testimony." The witness observed and measured the recoil of the pistol after it was fired six times.

■ Defendant is correct that an expert was not required to testify to this. Expertise is not required when testimony does not constitute an opinion but is a statement of effects that can be observed and related by a nonexpert. 29 Am.Jur.2d, Evidence, § 822, p. 911. However, that does not render the testimony inadmissible. If it was relevant and of aid to the jury, it was admissible. The amount of recoil would not be a matter of common knowledge. It was obviously more practical to describe the recoil than to fire the gun in the courtroom. Evidence regarding the operation of firearms has frequently been allowed as an aid to the jury. See *State v. Richardson*, 321

S.W.2d 423, 427 (Mo.1959); *State v. Foster,* 355 Mo. 577, 197 S.W.2d 313, 325 (1946); *Reynolds v. Maryland Casualty Co.,* 274 Mo. 83, 201 S.W. 1128, 1134 (banc 1918); 29 Am.Jur.2d, Evidence, § 827, p. 918; 23 C.J.S. Criminal Law § 967, p. 872. The evidence of the recoil was admissible over the objection made.

Defendant also contends that the state committed prejudicial error in allowing law enforcement personnel to testify to statements made by associates of defendant after Kimes' death. The statements of those persons did not make any reference to defendant although other evidence showed that they and defendant had been together for several days immediately prior to the murder and during this period they had discussed killing Kimes.

When a conspiracy has been independently shown to exist, statements of a coconspirator, made in the furtherance of the object of an unlawful combination, are admissible against another coconspirator not present when such statements were made. *State v. McCollum,* 598 S.W.2d 198, 200 (Mo.App.1980). The order of proof in showing the existence of the conspiracy is within the discretion of the trial court. *State v. Smith,* 631 S.W.2d 353, 360 (Mo. App.1982). If a conspiracy continues for any purpose, such as concealing a crime or taking measures to prevent or defeat prosecution, the admissions of one coconspirator are admissible against the other, even if made after the completion of the crime which had been the objective of the conspiracy. Id.

There was evidence that defendant was a party to a conspiracy to kill Kimes and concealing defendant's involvement could have been in the furtherance of the conspiracy by preventing prosecution for the murder. The statements were properly admitted in evidence.

The conviction and sentence are reversed and the cause remanded to the trial court for further proceedings.

GREENE, C.J., and FLANIGAN and TITUS, JJ., concur.