Benjamin HENDERSON, Movant–Appellant,

v.

STATE of Missouri, Defendant–Respondent.

No. 15688.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 13, 1989.

Motion for Rehearing or Transfer Denied Feb. 6, 1989.

Application to Transfer Denied March 14, 1989.

Susan L. Hogan, Columbia, Ginger T. Wagner, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

FLANIGAN, Presiding Judge.

Movant Benjamin Henderson appeals from the trial court's order, entered after evidentiary hearing, overruling his Rule 27.26 [1] motion to set aside a judgment and sentence for vehicular manslaughter. The conviction, based on a jury verdict, was affirmed by this court. *State v. Henderson*, 721 S.W.2d 100 (Mo.App.1986).

Movant's first point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because movant's counsel at the jury trial, attorney Ty Gaither, rendered movant ineffective assistance of counsel. The alleged ineffectiveness consisted of the conduct of Mr. Gaither in "failing to preserve for appellate review and precluding from appellate review the erroneous admission into evidence of [Exhibit G] since [attorney Gaither] himself offered [Exhibit G] into evidence, after the state had offered [Exhibit G] into evidence over [attorney Gaither's] objection, which prejudiced movant by permitting [the] inadmissible hearsay statement into evidence with the appearance that movant acquiesced in its admission."

■ Movant's first point is based on the assumption that Exhibit G was inadmissible. The brief of the state does not challenge that assumption. For the reasons which follow, this court holds that Exhibit G was admissible and that movant was not prejudiced by any conduct on the part of attorney Gaither which may have precluded the issue of the admissibility of Exhibit G from being raised on movant's appeal from the jury verdict.

The fatal collision, on which the manslaughter conviction was based, occurred on June 14, 1984, at approximately 6:15 p.m. in Springfield. There were four occupants of movant's vehicle at the time it collided with the vehicle of the victim. Those occupants were movant, his wife Annie Henderson, Jacqueline Swyers, and movant's young daughter Angie.

Movant did not testify at the jury trial but the theory of his defense was that at the time of the collision Annie Henderson, and not movant, was driving the Henderson vehicle.

At the jury trial Jacqueline Swyers testified that movant was the driver, and her testimony was supported by that of two independent eyewitnesses. Movant's daughter did not testify. Annie Henderson was present at the trial but invoked the Fifth Amendment and refused to testify.

Officer Ted Hunt obtained a written statement, Exhibit F, from Annie on the evening of June 14. In that statement Annie said that she was the driver. On June 15, 1984, Officer Hunt reinterviewed

1. Except where otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective January 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provisions of Rule 27.26, because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 29.15(m), effective January 1, 1988.

Annie and obtained a second written statement, Exhibit G, from her. In Exhibit G Annie stated that movant was driving at the time of the accident.

Exhibit F was offered into evidence, through defense witness Hunt, by defense attorney Gaither as a "declaration against penal interest." See *State v. Turner*, 623 S.W.2d 4 (Mo. banc 1981); *State v. Carroll*, 629 S.W.2d 483, 485[3] (Mo.App.1981).

On the instant appeal movant argues that Exhibit F was admissible, the state does not dispute that argument and, for present purposes, this court assumes that Exhibit F was admissible. On cross-examination of Officer Hunt, the prosecutor introduced Exhibit G over the objection of attorney Gaither. The contents of Exhibit G were read to the jury by Officer Hunt. At the conclusion of his testimony attorney Gaither offered Exhibit F and Exhibit G into evidence. His conduct in offering Exhibit G is the basis for movant's instant complaint.

"[P]rior inconsistent statements of a witness are admissible to impeach or discredit a witness to affect credibility.... Impeachment is not improper in this state on the ground that the impeaching statements are hearsay or that they implicate the defendant in the commission of a crime, or are made out of the presence of the defendant...." (Citing authorities.)

*State v. Davis*, 566 S.W.2d 437, 450[14] (Mo. banc 1978).

In refusing to testify at the jury trial by invoking the Fifth Amendment, Annie Henderson made herself "unavailable" as a witness. *State v. Turner, supra*, 623 S.W. 2d at 8, n. 4; *State v. Brooks*, 693 S.W.2d 211, 212[1] (Mo.App.1985). Both Exhibit F and Exhibit G are extrajudicial statements of Annie Henderson. After Exhibit F was received into evidence, Exhibit G was admissible, for impeachment purposes, as a prior inconsistent statement of Annie Henderson, and her unavailability at the trial rendered it unnecessary for the state to lay the foundation of first examining Annie Henderson with regard to the giving of Exhibit G and the circumstances under which it was given. *State v. Ivicsics*, 604 S.W.2d 773, 780–781[16] (Mo.App.1980); *Murphy v. State*, 636 S.W.2d 699, 701[5–7] (Mo.App.1982); *State v. Yingst*, 651 S.W.2d 641, 644[6, 7] (Mo.App.1983); *State v. Cole*, 547 S.W.2d 494, 496–497[2, 3] (Mo.App. 1977). The fact that Exhibit G was given by Annie Henderson after, rather than before, she gave Exhibit F is of no moment. Such was the situation in *State v. Ivicsics*, supra.

Formidable out-state authority also supports the admissibility of Exhibit G. *Carver v. United States*, 164 U.S. 694, 17 S.Ct. 228, 41 L.Ed. 602 (1897); *U.S. v. Wuagneux*, 683 F.2d 1343, 1357–1358 (11th Cir. 1982); *People v. Collup*, 27 Cal.2d 829, 167 P.2d 714 (1946); *Mobley v. Lyon*, 134 Ga. 125, 67 S.E. 668 (1910); *State v. Kline*, 11 Ohio App.3d 208, 464 N.E.2d 159, 163, 165[2–5] (1983); *State v. Hall*, 329 S.E.2d 860, 864–865[8] (W.Va.1985). See Rule 806, Fed.Rules of Evid.; 3A Wigmore, Evidence, § 1033 (Chad.Rev.1970).

The only objection to Exhibit G made by movant at the jury trial and in his instant brief is that it was hearsay. Under the foregoing authorities, that objection had no validity. Movant's first point has no merit.

■ Movant's second point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because attorney Gaither was ineffective in representing movant at the jury trial "by failing to obtain fingerprints and blood samples from the [Henderson] car, which could have supported movant's claim that he was not driving the car at the time of the accident."

Attorney Gaither was not appointed to represent movant in the criminal proceeding until the case, according to movant's brief, "was almost two months old." Counsel previously appointed to represent movant had been excused because of a conflict of interest.

At the motion hearing movant testified that after Gaither was appointed, movant asked Gaither "to get fingerprints from the steering wheel, the key, gear shift, a skin sample from my head, blood tissues from

the dash of the car, and stuff." Attorney Gaither, called by the state at the motion hearing, testified that movant "never asked me to get fingerprints or blood samples out of his car." Gaither also testified, "There was no issue on any fingerprints or blood."

At the motion hearing movant adduced no evidence to show that the "fingerprints and blood samples" which he allegedly requested Gaither to obtain were obtainable when the request was allegedly made. Further, movant adduced no evidence of the location, composition, or identity of any fingerprints or blood samples. It is a matter of conjecture what the evidence allegedly requested would have disclosed if in fact it was available. Indeed movant's brief on this appeal states, "If such evidence did indeed exist, it could have supported movant's claim that his wife was driving the car, by corroborating their respective positions in the car."

As earlier stated, the state produced three witnesses at the jury trial who testified that movant, and not his wife, was the driver. The state's evidence showed overwhelmingly that movant was intoxicated at the time of the collision and indeed was still intoxicated and obnoxious at the hospital several hours later.

In order to prevail on a claim of ineffective assistance of counsel, movant had the burden of showing: "(1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). In its discussion of the "prejudice" prong, the Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984), said: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." The Court also said, 104 S.Ct. at 2069: "[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the deci-

sion reached would reasonably likely have been different absent the errors."

In *Sanders v. State, supra,* our Supreme Court said, at 857: "[A] court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so."

This court holds that movant has failed to show that he was prejudiced by any alleged failure on the part of attorney Gaither to obtain fingerprints and blood samples from the Henderson car. Movant's second point has no merit.

Movant's third point seeks to raise an issue which was raised and rejected on his appeal from the jury trial. "A matter decided on direct appeal cannot be subjected to another review by a subsequent postconviction relief proceeding, even though a different theory is presented." *Choate v. State*, 659 S.W.2d 354, 355[2] (Mo.App. 1983). To similar effect see *Medley v. State*, 639 S.W.2d 401, 404 (Mo.App.1982). Movant's third point is not cognizable in this proceeding.

Movant filed a motion in this proceeding asking this court to transfer the record on appeal in the manslaughter conviction so as to make it a part of the record in this proceeding. That motion, previously taken with the case, is sustained and the record was so transferred. That record, of which the trial court took judicial notice, and the record of the instant proceeding itself have been examined and considered.

The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.