# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
April 11, 2001 Session

## STATE OF TENNESSEE v. THOMAS DEE HUSKEY

**Appeal from the Criminal Court for Knox County**
**No. 49828     Richard Baumgartner, Judge**

<u>AND</u>

## STATE OF TENNESSEE v. THOMAS DEE HUSKEY

**Appeal from the Criminal Court for Knox County**
**Nos. 49829, 49830, 50090     Richard Baumgartner, Judge**

---

**No. E1999-00438-CCA-R3-CD[1]**
**October 11, 2002**

---

## ORDER

On August 23, 2002, the defendant filed a petition to rehear claiming that the opinion of this court fails to consider material facts, contains misstatements of fact, and overlooks or misapprehends case law. We disagree.

### LIMITATION OF INSANITY DEFENSE

First, the defendant takes issue with our rulings in Issue IX on the limitation of his insanity defense in his rape cases. He contends that with regard to the first rape case, we failed to consider certain documents relevant to the first rape case but contained only in the record in the murder case. We have reviewed the portions of the record that the defendant specifies and note that we did consider all of these items with the exception of Rick Sawyer's May 12, 1996 letter to the trial court and his notes on telephone conversations with the parties and the trial court from May 18, 1994 through May 8, 1995. We have considered these additional items and conclude that they do not change our determination that on May 15, 1996, the defendant refused to participate in the court-ordered mental examination. We note that this conclusion is in harmony with our supreme court's

---

[1]Trial court case number 49828 was originally docketed for appeal as E1999-00481-CCA-R3-CD. This court ordered that E1999-00481-CCA-R3-CD be consolidated with E1999-00438-CCA-R3-CD for appeal and that the consolidated appeal proceed under number E1999-00438-CCA-R3-CD.

statement of facts in <u>State v. Huskey</u>, 964 S.W.2d 892, 893 (Tenn. 1998), which relates that the defendant refused to participate in a mental examination in the first rape trial.

With regard to Mr. Sawyer's May 12, 1996 ex parte letter, we reemphasize that, even if the trial court had engaged in ex parte communications with Mr. Sawyer, it would not have justified the defendant's refusal to participate in a court-ordered mental examination. Additionally, we believe no prejudice accrued to the defendant from the May 12 letter, which informed the court that the defendant had "respectfully declined to talk to [Mr. Sawyer] upon direction from his attorney." Defense counsel's May 15, 1996 proffer reveals that counsel knew Mr. Sawyer visited the defendant at the jail and states that counsel had spoken with Mr. Sawyer after that visit. The defendant suggests that the receipt of this ex parte information may have swayed the trial court to believe the state's arguments for the court to impose sanctions. We observe that at the May 15, 1995 hearing, the defendant through his counsel expressed his enduring intention to refuse to participate in any mental examination that applied in all of his cases. Whether and for what reason the defendant refused to be examined on May 12 is eclipsed by his clear refusal at the May 15 hearing to engage in a court ordered mental examination that applied in all of his cases.

The defendant contends that our conclusion that he was given a meaningful opportunity to submit to a mental examination before the trial court imposed sanctions at the May 15, 1995 hearing is contrary to the facts. His arguments center around the fact that he had outstanding motions objecting to the terms of the court-ordered mental evaluation at the time that Mr. Sawyer went to the jail to interview him on May 12, 1995. He also argues that due process entitled him to notice that the state was seeking sanctions and a hearing based upon competent evidence before the trial court imposed sanctions. After examining the defendant's contentions, we continue to conclude that the trial court had already ruled upon the issues presented in his written objections and that the trial court allowed the defendant to make most of these same arguments again at the May 15 hearing. With regard to the defendant's argument that he had not received the trial court's May 11, 1995 order for a mental examination by the time of Mr. Sawyer's May 12 attempted interview, the May 15 hearing reveals that his ultimate decision not to comply with the court-ordered mental examination was unrelated to timing.

The defendant contends that we failed to address his constitutional right to present a defense or to examine closely the state's interest in a mental examination, which limits his defense in these circumstances. He is incorrect. We addressed his constitutional right and closely examined the state's interest, relying on existing authority. <u>See</u> <u>Taylor v. Illinois</u>, 484 U.S. 400, 416, 108 S. Ct. 646, 656 (1988) (holding that the exclusion of a defense witness as a sanction for a discovery violation does not violate the defendant's Sixth Amendment right to compulsory process, which embodies the right to present a defense); <u>State v. Garland</u>, 617 S.W.2d 176, 185 (Tenn. Crim. App. 1981) (holding that the exclusion of defense evidence for a failure to comply with discovery rules must be based upon prejudice to the state that cannot be mitigated by other means); <u>see also</u> <u>Chambers v. Mississippi</u>, 410 U.S. 284, 295, 93 S. Ct. 1038, 1046 (1973) (observing that competing interests proposing to warrant a limitation on a defendant's right to present relevant evidence must "be closely examined").

The defendant also argues that we should have reviewed the trial court's imposition of sanctions using a de novo standard rather than an abuse of discretion standard because his constitutional right to present a defense was at issue. He contends that the trial court's ruling was not entitled to a presumption of correctness because it failed to make any factual findings. Initially, as noted in the preceding paragraph, we determined in accord with United States Supreme Court case law that a trial court's sanctioning a defendant by striking defense experts in appropriate circumstances does not violate the defendant's right to present a defense. We then determined whether the trial court abused its discretion in so sanctioning the defendant under the present circumstances. The admissibility of evidence is a matter within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion. State v. Harris, 839 S.W.2d 54, 66 (Tenn. 1992). Our supreme court has applied an abuse of discretion standard to Rule 12.2(c), Tenn. R. Crim. P., proceedings. See Huskey, 964 S.W.2d at 899 (holding that the trial court did not abuse its discretion in permitting multiple examiners to conduct a mental examination of the defendant). Furthermore, this court has applied an abuse of discretion standard to review the trial court's dismissal of the indictment as a Rule 16(d)(2) sanction for the state's failure to comply with discovery. State v. Collins, 35 S.W.3d 582, 585 (Tenn. Crim. App. 2000).

The defendant also contends that we erroneously concluded that he would not have participated in a mental examination even if the trial court had granted his September 1, 1995 motion for a mental exam. After considering the defendant's arguments on this issue, we remain firmly convinced that the discussions about the defendant's September 1, 1995 motion and the events leading up to the consolidated rape trial reveal that the defendant would not have participated in a complete mental examination had the trial court granted his motion. Finally, the defendant contends that we erroneously applied a harmless error standard in determining that he would not have complied with an examination if the trial court had permitted one in September 1995. To the contrary, we concluded that due process was not violated by the trial court's failure to grant the defendant's request for a mental examination in September 1995, because the record of the September 20, 1995 hearing on the defendant's motion and the course of events preceding the consolidated rape trial reveal that he would not have participated in a complete mental examination before the first rape trial.

With regard to the consolidated rape trial, the defendant contends that we failed to "closely examine" the events leading up to the May 9, 1996 order that he be examined by Dr. Phillip Coons as those events related to his constitutional right to present a defense. In particular, he argues that we misapprehended the unconstitutional and unlawful nature of the order, which stems from its requirement that he produce witnesses and turn over privileged materials. The defendant appears to be arguing that because these provisions of the order were unlawful, he was free to refuse to comply with the entire order. Although we held that the trial court could not require the defendant to turn over work product or produce his witnesses other than expert witnesses before trial, we observed that this provision of the order was not his reason for refusing to be examined by Dr. Coons. The defendant's argument that had he complied with the order in every respect save the production of records and witnesses, the trial court still would have stricken defense experts is speculative and belied by the fact that the trial court deleted this provision in the superceding order

of August 12, 1996. Our opinion closely scrutinizes this issue along with the defendant's other contentions and concludes that the trial court did not abuse its discretion in striking defense experts.

## DISQUALIFIED JURORS

Second, the defendant contends that this court erroneously interpreted case law in holding that he had waived the opportunity to challenge jurors with knowledge of his other charges by failing to use his peremptory challenges to remove these jurors in the first rape trial. To the contrary, it is a long-standing principle of Tennessee law that a defendant disagreeing with the trial court's ruling on a challenge for cause must use a peremptory challenge to excuse the juror, exhaust all of his or her peremptory challenges, and be forced to accept an incompetent juror in order to preserve his challenge on appeal. State v. Jones, 789 S.W.2d 545, 549 (Tenn. 1990); State v. Crawford, 620 S.W.2d 543, 545 (Tenn. Crim. App. 1981); see Hale v. State, 198 Tenn. 461, 281 S.W.2d 51, 56 (1955) (holding that the defendant failed to exercise available peremptory challenges on jurors he had challenged for cause thereby losing the ability to challenge the jurors on appeal despite his use of all his peremptory challenges).

Also with respect to the issue of jury selection in the first rape trial, the defendant faults this court for failing to conclude that the trial court abused its discretion in declining to grant him additional peremptory challenges in light of the presence of jurors with knowledge of his other charges. The trial court granted the defendant the number of peremptory challenges provided in Rule 24(d), Tenn. R. Crim. P. He cites no authority for his argument that he was entitled to more. We cannot say that the trial court abused its discretion in this regard.

## CONSOLIDATION

Third, the defendant asserts that we failed to consider the whole record in holding that the improper consolidation of D. C.'s case with those of G. T. and A. D. did not prejudice the trial with respect to the offenses relating to G. T. and A. D. He also argues that the trial court failed to give the jury a limiting instruction on the proper way to consider 404(b) evidence. We note that the trial court did give a limiting instruction to the jury that each count against the defendant was a separate and distinct offense that it must consider based solely upon the evidence and law that applied to that offense. Additionally, we assure the defendant that we did consider the entire consolidated rape trial in our analysis of the prejudice resulting from consolidation as well as our determination that the error of consolidating D. C.'s case was harmless with respect to its effect on G. T. and A. D.'s cases.

The defendant also contends that we did not consider his argument that consolidation was improper pursuant to Rule 14(b)(2)(i), Tenn. R. Crim. P. Rule 14(b)(2) applies to sever offenses joined pursuant to Rule 8(a), which requires mandatory joinder of offenses "based upon the same conduct or aris[ing] from the same criminal episode." The present cases were consolidated pursuant to Rule 8(b), allowing for permissive joinder. In such case, Rule 14(b)(1), not (b)(2), applies. See State v. Spicer, 12 S.W.3d 438, 443 (Tenn. 2000) (holding that when a defendant objects to

4

consolidation, the trial court must consider the issue under Rule 14(b)(1)).  This issue is without merit.

## SUBSEQUENT RULINGS OF THE TRIAL COURT IN THE MURDER CASES

Finally, the defendant contends that we should consider the trial court's August 2002 suppression of his confessions and the physical evidence taken from the search of his room in the retrial of his homicide case.  He argues that the trial court's orders suppressing this evidence affect our rulings on the legality of his arrest, the search of his residence and seizure of evidence therefrom, the suppression of his statements, the order of his trials, and the state's failure to provide discovery and exculpatory evidence.  We have denied the defendant's motion to supplement the record with these orders.  He would have us accredit the trial court's findings and conclusions in the homicide case, which is not before us.  We may not do so.  Thus, we will not reconsider our holdings in the present case in light of the trial court's August 2002 orders in the retrial of the homicide case.  In any event, we reemphasize that the state did not use the defendant's confessions or any of the physical evidence taken from his residence in the rape cases on appeal.  Thus, questions relating to the suppression of the statements or the physical evidence collected in the search of the defendant's residence are essentially moot in the rape cases that we have affirmed.

Accordingly, the defendant's petition to rehear is denied.

PER CURIAM
(Tipton, Welles, Hayes, JJ.)

5