STATE of Missouri, Respondent,

v.

Alonzo JORDAN, Appellant.

No. 46560.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 11, 1984.

David L. Hoven, Spalding, Hartenbach & Hoven, Pacific, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Appeal from a jury conviction for murder in the second degree. Defendant was sentenced to 50 years imprisonment. We affirm.

Defendant was first convicted on this charge on October 26, 1979. This conviction was reversed. *State v. Jordan*, 627 S.W.2d 290 (Mo. banc 1982). The retrial began on October 12, 1982, and defendant was convicted on October 14, 1982.

On October 4, 1978, at about 1:00 a.m., after a dispute concerning payment for some drinks, a St. Louis bartender asked defendant and his two companions to leave the lounge where they had been drinking. The three men went to their car. They armed themselves, defendant with a .22 caliber rifle and his companions with a .32 caliber pistol and an AR-15 rifle respectively. It was inferable from the evidence they lay in wait for the bartender. Defendant mistakenly killed a traveling salesman instead of the apparently intended victim.

Defendant's first point of error charges the trial court erred in admitting the AR-15 rifle, and a sample of its ammunition, a .223 cartridge, on the ground they were not shown to have been connected with the crime. The victim was killed by several shots from a .22 caliber rifle. This rifle was produced, was connected to the crime by forensic and ballistic evidence, and was identified by an eyewitness as the weapon carried and used by defendant. Another eyewitness spotted one of defendant's companions carrying the AR-15 rifle.

After defendant committed the crime, he and his companions entered their car and left the scene of the crime with the police in pursuit. The car was observed to slow, and an object was tossed out. The police stopped, and recovered the .22 caliber rifle, losing sight of the car momentarily. The car was later stopped, and the men apprehended. One of the men, the driver, had the .38 caliber pistol in his belt. A few hours later, the AR-15 rifle was found, along the route of the attempted escape, by a St. Louis University student.

The AR-15 was relevant. *State v. Berry*, 609 S.W.2d 948, 954 (Mo. banc 1980). It was displayed at the murder scene. It was found on the escape route. Defendant testified two weapons were thrown out of the car; therefore, it is apparent the occupants of the car attempted to dispose of the AR-15 rifle in the same manner as the .22 rifle. The connection between the weapon, the defendant and the crime was sufficiently established. *State v. Clark*, 592 S.W.2d 709, 712, 717-18 (Mo. banc 1979). The .223 cartridge was used only to illustrate the difference in calibers between the .22 rifle and the AR-15 rifle, and was thus relevant. *State v. Vance*, 633 S.W.2d 442, 444[4] (Mo.App.1982).

Defendant, in his other point of error, asserts the trial court should have ordered a mistrial *sua sponte* when defendant was cross-examined concerning a prior act of misconduct. This claim was not preserved by proper objection, nor was it properly presented in defendant's motion for new trial. We review this assertion only for plain error. Rule 30.20.

On cross-examination, and over objection on the grounds of irrelevancy, defendant admitted firing a weapon while located in the parking lot of another bar a short time before the murder. Considering the weapons carried by defendant and his companions, the firing of this weapon was relevant to the murder. Defendant now complains about the prosecutor's question asking defendant if he knew the firing of a weapon within the city limits was illegal. This

**154**

question was objected to, and the trial court sustained the objection. *Sua sponte,* the court ordered the jury to disregard the question. No other relief was requested.

Even when requested, a mistrial is to be granted only in extraordinary circumstances. *State v. Lee,* 654 S.W.2d 876, 879 (Mo. banc 1983). As the trial court so aptly stated, defendant knew it was illegal to discharge the weapon. The question asked for no more than common knowledge and did not rise to the point of plain error.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.