Alonzo Maurice JORDAN–BEY,
Movant-Appellant,

v.

STATE of Missouri,
Respondent-Respondent.

No. 50294.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 30, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 8, 1986.

Application to Transfer Denied
Sept. 16, 1986.

James S. McKay, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from a denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

On October 26, 1979, movant was convicted by a jury of murder in the second degree and armed criminal action. He was sentenced to life imprisonment on the murder count and ten years' imprisonment for armed criminal action, to be served consecutively. His conviction was reversed on direct appeal by the Missouri Supreme Court, which held that it was reversible error for the prosecutor to inform the venire panel that they would hear testimony from two co-defendants who had entered into a plea agreement, because they were not called as witnesses at trial, thereby denying defendant the opportunity to cross-examine. *See, State v. Jordan*, 627 S.W.2d 290 (Mo. banc 1982). On retrial movant was again convicted by a jury of murder in the second-degree and was sentenced to fifty years' imprisonment. We affirmed the conviction. *State v. Jordan*, 672 S.W.2d 152 (Mo.App.1984).

Movant subsequently filed a Rule 27.26 motion alleging that his right to effective assistance of counsel in the second trial was violated because his attorney failed to

adequately investigate a motion to dismiss based upon double jeopardy. The motion court denied movant relief after an evidentiary hearing.

On appeal, movant raises one point. He contends "the court below was clearly erroneous in denying appellant's motion under Missouri Supreme Court Rule 27.26 because testimony at the evidentiary hearing clearly established that [movant's] right to effective assistance of counsel was violated by the failure of his attorney to investigate witnesses in support of a motion to dismiss on double jeopardy grounds due to prosecutorial misconduct."

 Our review is limited to a determination of whether the trial court's findings, conclusions, and judgment are clearly erroneous. Rule 27.26(j); *Porter v. State,* 678 S.W.2d 2, 3 (Mo.App.1984). In order to establish ineffective assistance of counsel, the movant must prove that his attorney failed to exercise the customary skill and diligence that a reasonably competent lawyer would perform under the same or similar circumstances and that he was prejudiced thereby. *Seales v. State,* 580 S.W.2d 733, 735 (Mo. banc 1979); *Gentile v. State,* 637 S.W.2d 30, 32 (Mo.App.1982). Effective assistance of counsel includes investigation and preparation by counsel. *Walker v. State,* 511 S.W.2d 859, 866 (Mo. banc 1974). Furthermore, there is a presumption that counsel is competent. *Seales,* 580 S.W.2d at 735.

Movant relies upon *United States v. Martin,* 561 F.2d 135 (8th Cir.1977) as furnishing the basis for his contention that he could not be retried because of double jeopardy. There the Eighth Circuit held that in certain instances the double jeopardy clause bars re-trial where prosecutorial error has been "motivated by bad faith or undertaken to harass or prejudice" the defendant. Judge Simeone, speaking for our court in *State v. Irving,* 559 S.W.2d 301, 307 (Mo.App.1977), stated:

> [n]ormally, the Double Jeopardy claim does not arise when a mistrial is declared upon the defendant's request. But even where there is a request, there are circumstances where a defendant's mistrial

request does not remove the Double Jeopardy bar. The Clause protects a defendant against governmental actions intended to provoke a mistrial request. It bars retrials where the underlying error is motivated by bad faith or undertaken to harass or prejudice the defendant.

At the motion hearing in this case, Mr. Moss, the prosecutor for both trials, testified that two co-defendants, George Kyles and James Preston, had agreed to testify that defendant was the trigger man in exchange for the prosecutor's recommendation of lesser sentences, and said that they had pled guilty prior to movant's first trial. During voir dire Mr. Moss asked the venire panel certain questions regarding the co-defendants' plea agreement. He testified, "... in view of my experiences of how jurors view co-defendants when deals are made, I felt it was necessary to ascertain how the prospective jurors viewed co-defendants who had deals made for their testimony." He further stated, "[t]here was never any question that they would testify up until we got into trial." He said he first became aware of a change of heart on the part of the co-defendants "... after voir dire and I think opening statements.... They had indicated to me, especially the man with the two-year sentence, they had indicated to me that they wanted something better than I had agreed to give them ... and I said there was no way I was going to do that." Mr. Moss then informed movant's counsel and the court that he would not be calling the co-defendants as witnesses, and offered defense counsel the opportunity to call them as his witnesses, in light of the opening statement. He said that the judge and defense counsel were aware that Kyles and Preston were available and in the hall outside the courtroom "off and on" throughout the trial.

At the motion hearing movant's counsel for the first trial, Mr. Zotos, testified that sometime during that trial Mr. Moss indicated to the court that he was going to be unable to call the co-defendants as witnesses and indicated that they were available should the defense want to call them. Mr. Zotos also testified that he had been in-

formed by the co-defendants' attorneys, prior to trial, that Kyles and Preston would testify for the state as part of a plea agreement.

Movant testified that during pretrial conversations with Kyles, he became aware that the co-defendants would not be testifying against him. He said that in preparation for the second trial he gave Mr. Musich this information and asked him to subpoena Kyles for a hearing on the prosecutorial misconduct and double jeopardy issues.

Mr. Musich testified that he was movant's attorney at the second trial, and that he read the transcript of the first trial several times in preparation for the retrial. He stated that he was familiar with the Supreme Court opinion which reversed the first judgment and the grounds for the reversal. After doing some research he filed a motion to dismiss the second case prior to trial based on double jeopardy as a result of prosecutorial misconduct. The motion to dismiss was taken up in chambers without the presence of movant and was denied. Mr. Musich also raised these issues in a motion for new trial.

Mr. Musich testified that: "Mr. Jordan and I had a discussion concerning the two co-defendants, Kyles and Preston. My recollection of that discussion was for their testimony at trial, and my discussion was that I would not call them as witnesses in trial because they had already pleaded guilty under oath, there were statements implicating Mr. Jordan in the offense." Mr. Musich further stated:

I recall Mr. Jordan discussing with me what he believed had happened regarding the deals that Mr. Moss had made with the co-defendants, Preston and Kyles. I spoke with Mr. Zotos about it. There was no indication that I had from anybody to indicate that Mr. Moss did not expect them to testify at the first trial, and there was nothing else there that was given to me.

▪ We find nothing in the record to indicate that Mr. Musich's investigation of the motion to dismiss was inadequate. Movant's only specific allegations in this regard concern counsel's failure to "subpoena Mr. Kyles to testify at a hearing on the double jeopardy motion" or make an "attempt to contact [Kyle's attorney] prior to arguing [the] motion to dismiss ..." Yet these bare assertions do not indicate that failure to take such actions amounted to a breach of the standard of skill and diligence exercised by reasonably competent attorneys.

We also find that movant has not demonstrated that he was prejudiced by the alleged inadequacy of counsel's investigation. The hearing court had before it the records of the two previous trials as well as the Supreme Court decision regarding the first appeal, in which the Court stated: "This court can sympathize with the plight of this and other prosecutors, and recognizes that in all likelihood the circumstances herein were not designed, intended, or the product of bad faith on the part of the prosecutor." *Jordan,* 627 S.W.2d at 294. The trial court's findings of fact and conclusions of law are not clearly erroneous.

Judgment affirmed.

DOWD, P.J., and CRIST, J., concur.