43 F.3d 1473
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph L. DAIGLE, Defendant-Appellant.
 No. 93-1074.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1994.
 
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Ralph L. Daigle, pro se, appeals two district court judgments entered upon a jury verdict finding him guilty of five counts of tax evasion in violation of 26 U.S.C. Sec. 7201. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Daigle was indicted on these charges in February of 1992. After a three and one-half day jury trial, a verdict of guilty was reached on all counts. Daigle was sentenced on December 22, 1992, to five years on each of counts one and two (to be served concurrently) and to thirty-seven months on each of counts three, four and five (to be served concurrently), with the sentence for the latter three counts to be served consecutively to the sentences for counts one and two.
 
 
 3
 On appeal, Daigle makes the following arguments: 1) the district court "never presented any facts or the law that requires paying of income tax"; 2) the district court failed to instruct the jury on "commercial law"; 3) he was prejudiced by being seen by the jury in handcuffs and prison garb; 4) "political, ADL reports" were erroneously used at his trial and in his presentence report; 5) during his trial the court erred in affording him a jury trial when he expected the matter to be resolved by the court; 6) he was denied due process of law because the trier of fact was not fair and impartial; 7) "irresponsible behavior of parties"; 8) intentional and negligent infliction of mental stress; 9) kidnapping; 10) false imprisonment; 11) loss of consortium for his daughter; and 12) interference with freedom of association in violation of his First Amendment rights. Daigle also makes the incomplete statement: "Affidavit of non-resident alien of Ralph Daigle."
 
 
 4
 The Sixteenth Amendment to the Constitution authorizes the collection of tax on income, and Daigle's argument to the contrary has been uniformly rejected by the federal courts. See United States v. Mundt, 29 F.2d 233, 237 (6th Cir.1994); United States v. Collins, 920 F.2d 619, 629 (10th Cir.1990) (citations omitted), cert. denied, 500 U.S. 920 (1991). Thus, there is no merit to Daigle's arguments that the trial never produced facts or law that established Daigle was required to pay income tax. There is also no merit to Daigle's argument that the district court erred by failing to instruct the jury on commercial law. Daigle failed to preserve this claim by not objecting to the jury instructions at trial. Fed.R.Crim.P. 30; United States v. Sturman, 951 F.2d 1466, 1475 (6th Cir.1991), cert. denied, 112 S.Ct. 2964 (1992). Moreover, there was no need for an instruction of this type, because the evidence discussing business transactions in which Daigle was a participant was offered only to establish the amount of income Daigle actually received during the years 1985 to 1989.
 
 
 5
 Daigle has failed to establish a due process violation by showing he was prejudiced by a possible brief viewing by the jury of Daigle in handcuffs and prison garb. Estelle v. Williams, 425 U.S. 501, 507 (1976); United States v. Carr, 647 F.2d 867, 868 (8th Cir.), cert. denied, 454 U.S. 855 (1981). Moreover, the record shows that a curative instruction was given to the jury regarding Daigle's appearance on the first day of his trial.
 
 
 6
 If his statement in his appellate brief, "Affidavit of nonresident alien Ralph Daigle," is construed as an argument that this information was not considered at trial, the record shows otherwise. The court did admit this document into evidence after the government moved for its admission. The record also belies Daigle's statement that "ADL reports" (presumably Anti-Defamation League reports) and references to his political and religious affiliations were used in his presentence investigation and at trial. Further, there is no merit to Daigle's argument that he was not permitted to confront his accuser, specifically one of the witnesses who testified at his grand jury trial, when the record shows that this witness was available for cross-examination at his trial.
 
 
 7
 A rational finder of fact would accept the evidence presented as establishing each essential element of the crimes for which Daigle was charged. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Neal v. Morris, 972 F.2d 675, 677-78 (6th Cir.1992). Similarly, a sufficiency of the evidence argument is not a proper basis for challenging Daigle's grand jury indictment. See Costello v. United States, 350 U.S. 359, 363 (1956). Daigle's indictment, returned by a legally constituted and unbiased grand jury, and valid on its face, was enough to call Daigle for trial on the charges on the merits. Id. The remainder of Daigle's arguments are conclusory in nature and without factual support.
 
 
 8
 Accordingly, the district court's judgments entered upon the jury verdict are affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.