76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph L. DAIGLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1677.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1996.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and KATZ, District Judge.*
 
 ORDER
 
 2
 Ralph L. Daigle appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court under Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Daigle was convicted of five counts of tax evasion and sentenced to an aggregate term of 97 months of imprisonment and three years of supervised release under 26 U.S.C. § 7201. In his motion, Daigle alleged that he was convicted and sentenced in violation of the Administrative Procedures Act, the Federal Registration Act, the Clearfield Doctrine, the Emergency War Powers Act, the Uniform Commercial Code and the Thirteenth Amendment. On June 2, 1995, the district court adopted a magistrate judge's recommendation and dismissed the case over Daigle's objections. It is from this judgment that Daigle now appeals.
 
 
 4
 The denial of a § 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). Moreover, even an error of constitutional dimensions may be deemed to be harmless if it did not have "a substantial and injurious effect or influence" on the proceedings. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993).
 
 
 5
 The magistrate judge found that most of Daigle's claims were unavailing because they had already been decided against him on direct appeal. He also rejected Daigle's attempt to challenge the authority of the courts and prosecutors. In his objections, Daigle argued only that the income tax is an excise tax which is limited to certain classes of activities. He has waived his other claims, by not raising them as specific objections to the magistrate judge's report and recommendation. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). In this regard, we note that Daigle's general reference to some of his earlier pleadings was not sufficient to preserve his right to appellate review regarding any other issues that may have been raised in those pleadings. See Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991).
 
 
 6
 Daigle now argues that the Sixteenth Amendment was unlawfully applied to him because it is limited to "indirect" or excise taxes. The district court properly ruled that the merits of this argument had already been decided against Daigle on direct appeal. See United States v. Daigle, No. 93-1074, 1994 WL 705077, at * 1 (6th Cir. Dec. 14, 1994) (unpublished) (citing United States v. Mundt, 29 F.3d 233, 237 (6th Cir.1994)).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation