110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph L. DAIGLE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1504.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: KENNEDY, CONTIE, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Ralph Daigle was convicted after a jury trial on five counts of tax evasion, in violation of 26 U.S.C. § 7201, and received an aggregate sentence of ninety-six months. A panel of this court affirmed the conviction and sentence in all respects. United States v. Daigle, No. 93-1074, 1994 WL 705077 (6th Cir. Dec. 14, 1994) (order). Daigle's subsequent § 2255 motion to vacate sentence was denied in the district court and this decision was affirmed on appeal. Daigle v. United States, No. 95-1677, 1996 WL 34899 (6th Cir. Jan. 29, 1996) (order).
 
 
 3
 In 1995, Daigle filed his second § 2255 motion to vacate his conviction for tax evasion. The matter was referred to a magistrate judge who recommended that the motion should be denied. The district court adopted the recommendation, over Daigle's objections, and this appeal followed. The parties have briefed the issues; Daigle is proceeding without benefit of counsel.
 
 
 4
 This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255 and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993).
 
 
 5
 Daigle was found guilty of tax evasion and the matter was set for sentencing pending completion of a pre-sentence report. Daigle was ultimately presented with the report and an opportunity to make any specific objections to the statements and conclusions contained in the report. Daigle, instead, chose to make a verbose, spurious objection to the report "in its entirety" as well as to the prosecution. The district court, in the absence of specific objections to the presentence report, apparently proceeded to pass sentence upon Daigle without conducting a hearing as would otherwise be required under Fed.R.Crim.P. 32. Daigle did not question the absence of a hearing on direct appeal nor in his initial motion to vacate.
 
 
 6
 Daigle's present motion to vacate contains a claim that the district court's failure to conduct a Rule 32 hearing was constitutional error. Daigle also alludes to the ineffectiveness of his standby counsel to alert him to this procedure. A supporting affidavit contains references to other claims of trial error. The magistrate to whom the matter was referred concluded that Daigle's claims were foreclosed because of the law of the case, procedural default or abuse of the writ. The district court summarily adopted this report over Daigle's objections.
 
 
 7
 Daigle raises only one claim on appeal, that is, that the trial court erred in failing to conduct a Criminal Rule 32 hearing to resolve disputes in the presentence report. He makes no mention of the other issues alluded to by the magistrate. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). These latter issues are therefore not before the court.
 
 
 8
 Daigle's Rule 32 claim lacks merit. The government properly noted that Daigle did not raise this claim on direct appeal and there is no indication that he was prevented from doing so. It is clear that a § 2255 motion to vacate will not serve as a substitute for a direct appeal. Stone v. Powell, 428 U.S. 465, 477 and n. 10 (1976). Claims that could have been raised on direct appeal but were not will not be entertained in a § 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). Daigle makes no showing in this regard.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.